THE STATE OF NEBRASKA, EX. REL. ANSON S. BALDWIN, v. JOHN H. McCOLL.

| 9 | 203 |
| 10 | 538 |
| 11 | 33 |
| 15 | 195 |
| 15 | 451 |
| 9 | 203 |
| 34 | 685 |
| 35 | 572 |
| 9 | 203 |
| 45 | 733 |

1. **Statutes.** Section 55 of the act concerning counties, approved March 1, 1879, is a re-enactment of section 9 of the act concerning counties and county officers, approved February 27, 1873, Gen. Stat. 233, and is a continuation of that act.

2. ———: EFFECT OF RE-ENACTMENT. In such case, the effect of the repeal and re-enactment is to continue the uninterrupted operation of the statute. The act approved March 1, 1879, did not therefore vacate the office of county commissioner.

ORIGINAL application for mandamus.

*C. J. Dilworth*, for the relator.

*D. G. Courtnay*, for the respondent.

MAXWELL, CH. J.

This is an application for a peremptory writ of mandamus to compel the defendant, who is county clerk of Dawson county, to post notices for the election of three county commissioners for his county at the general election to be held in November.

Section 55 of the act concerning counties, approved March 1, 1879, Laws of 1879, 370, provides that " at the first election held to choose the board of commissioners under this act in any county, the person having the highest number of votes shall continue in office for three years, the next highest two years, and the next highest one year; but if any two or more persons have the same number of votes, their term of office shall be determined by the board of canvassers, and each commissioner elected at the first general election as

herein provided, shall hold his office for three, two, or one years as the case may be, and until his successor is elected and qualified; and each commissioner elected thereafter, in pursuance of the foregoing section, shall hold his office for three years and until his successor is elected and qualified." This section is copied verbatim from the act "concerning counties and county officers," approved February 27, 1873, Gen. Stat., 233, and is merely a re-enactment of the same law. Did the legislature, by the re-enactment of this section, intend to continue its provisions in force without interruption? We think it did. It is urged on the argument that there was an instant of time between the taking effect of the new act and the expiration of the old. But this is not the case. The new statute took effect at the same instant with the repealing statute, and the statute in fact is a mere continuation of the old.

In the case of *Fullerton v. Spring et al.*, 3 Wis. 671, in a similar case the court say: "It is clear that the effect of this repeal and re-enactment was to continue the uninterrupted operation of the statute. Such is believed to be the proper rule of construction in cases where the repealing act re-enacts a provision of the old statute in the same words. There is no change in the law, and the re-enactment of the new is simultaneous with the repeal of the old provision, and both are the same.

In *Wright v. Oakley*, 5 Met., 406, the court say: "In terms the whole body of the statute law was repealed; but these repeals went into operation simultaneously with the revised statutes which were substituted for them, and were intended to replace them, with such modifications as were intended to be made that revision. There was no moment in which the repealing act stood in force without being replaced by the corresponding provisions of the revised statutes."

It is clear that section 55 is a mere continuation of

the act of 1873, and that the office of county commissioner was not made vacant thereby. It follows that the writ of mandamus must be denied.

WRIT DENIED.