IN THE MATTER OF THE APPLICATION OF MOLLIE HALL

FOR A WRIT OF HABEAS CORPUS.

Cities of the Second Class: CONSTRUCTION OF STATUTES.
The city of L., a city of the second class, having lawful authority, passed an ordinance to suppress houses of prostitution. While this ordinance was in full force a new law for the government of cities of the second class was passed containing authority to the city council to "restrain, prohibit, and suppress" houses of prostitution, and the former act was repealed without a saving clause. *Held*, That the new act did not repeal existing ordinances.

ORIGINAL petition for a writ of habeas corpus.

*D. G. Courtnay* and *J. L. Caldwell*, for the petitioner.

*Burr & Kelly*, contra.

MAXWELL, CH. J.

This is a petition for a writ of habeas corpus. It appears from the record that on the thirtieth day of September, 1880, the petitioner plead guilty in the police court of the city of Lincoln to a complaint, charging her with keeping a house of prostitution in that city, and was thereupon sentenced to pay a fine

of $10 and costs, and to stand committed until the same be paid. Upon a failure to pay the fine and costs she was committed to the city jail, and now asks to be released therefrom upon the ground that the ordinance under which she was convicted was null and void.

The city of Lincoln was organized as a city of the second class under the provisions of the act "to incorporate cities of the second class and to define their powers," approved March 1, 1871, and acts amending the same [Gen. Stat., 137], and the ordinance under which the petitioner was convicted was passed by the city council while the above act was in force, and it is admitted by the attorneys for the petitioner that the ordinance in question was a valid ordinance from the time it took effect until the first day of September, 1879, when it is alleged that it ceased to exist. The act "to provide for the organization, government, and powers of cities and villages," approved March 1, 1879, which took effect "from and after the first day of September, 1879" [Laws 1879, 193], repealed the act approved March 1, 1871, without a saving clause as to the ordinances then in existence, and the attorneys for the petitioner now insist that such ordinances thereupon ceased to exist, although the new act continues in force the power of the city council to pass ordinances "to restrain, prohibit, and suppress * * * houses of prostitution," etc.

The case differs from that of *The State v. McColl*, 9 Neb., 203, in this: that the new act is not in the exact language of the former statute. But the power of the city council to pass the ordinance in question has not for an instant ceased. There has been no attempt on the part of the legislature to repeal the law creating cities of the second class and destroy the organization of the same. It is true that a new act has taken the

place of the former, and continues the organization of such cities with new and modified powers. But this is very different from an entire repeal. The doctrine is well settled that a change in the form of government of a community does not *ipso facto* abrogate pre-existing laws. *Trustees v. Erie*, 31 Penn. St., 515–17. In the case at bar a change has been made in the organic law under which cities of the second class are organized, but this does not repeal existing ordinances while the power to pass the same continues to exist. The ordinance in question is therefore valid, and the writ must be denied.

WRIT DENIED.