JANE GREENLEE, PLAINTIFF IN ERROR, V. LOTHAIR
    SCHOENHEIT AND P. H. JUSSEN, ADMINISTRATOR
    OF THE ESTATE OF MATHIAS HUBER, DECEASED,
    DEFENDANTS IN ERROR.

1.   Liquors: ACTION BY MARRIED WOMAN. An action may be
    maintained against a vendor of intoxicating liquors by a mar-
    ried woman for damages sustained by her by reason of her
    money being spent by her husband for intoxicating liquors, or
    squandered by him while intoxicated, or in the saloon of the
    liquor seller.

2.   ———: RIGHTS OF MARRIED WOMEN. · A married woman is not
    only entitled to the services of her husband as a means of sup-
    port, but also, as between herself and a vendor of intoxicating
    liquors, to the proceeds of his labor for such purpose.

3.   ———: · VERDICT INSUFFICIENT. A married woman brought
    her action against the keeper of saloons for damages resulting
    from a loss of support by the intoxication of her husband, and
    for the sum of one thousand dollars belonging to her individual
    estate. The verdict of the jury was a finding in favor of plaintiff
    upon both issues, with an award of damages assessed at one
    dollar. It was *Held*, That the verdict could not be sustained.

ERROR to the district court for Richardson county.
Tried below before BROADY, J.

*E. W. Thomas, Frank Martin,* and *C. Gillespie,* for
plaintiff in error, cited: *Hutchinson v. Hubbard,* 31 N.
W. R., 245. *Woolheather v. Risley,* 38 Iowa, 491. *Raf-
ferty v. Buckman,* 46 Id., 195. *Warrick v. Rounds,* 17
Neb., 411.

*Isham Reavis,* for defendant in error, cited: *Wight-
man v. Devere,* 33 Wis., 579. *King v. Bell,* 13 Neb., 414.
*Roberts v. Taylor,* 19 Id., 184.

REESE, CH. J.

This action was instituted in the district court of Rich-
ardson county, by plaintiff in error against defendants in

error, for the purpose of recovering damages alleged to have been sustained by her by reason of the sale of intoxicating liquors to Eli Greenlee, her husband. It is alleged in the petition that the plaintiff and said Eli were married on the 25th day of June, 1869, and that she has ever since lived with him as his wife; that they have five children, whose names are given, and all of whom are under fifteen years of age; that plaintiff and her said husband and her children have resided together, and were so residing together at the time of the commencement of the action, constituting one family; and that plaintiff and her said children were entirely dependent for their support upon the said Eli; that from the first day of October, 1882, the defendants were engaged in the sale of intoxicating liquors in Falls City, and from that date up to the commencement of the action, continuously sold and delivered to the said Eli Greenlee intoxicating liquors; that prior to that time he was an able-bodied and industrious man, and provided a suitable living and support for his family, the proceeds of his labor earnings amounting to the sum of about $1,000 per year, which he applied to the support of his said family; that by reason of the continued sale and furnishing of intoxicating liquors to him by said defendants, in quantities sufficient to produce intoxication and to incapacitate him for work or labor, which said liquors were drank by said Eli, he had become intoxicated and incapacitated to earn a support for said family, and while in such condition of intoxication the defendants continued to furnish him with such liquor, by reason whereof he, ever since the first day of October, 1882, had failed to provide a support for his said family, such failure being caused by the continued use of liquors so furnished by defendants.

It is further alleged that plaintiff was the owner of a farm and other property in said county of Richardson, worth about $2,000; and that by mortgaging the same she obtained a loan of $1,000; that the said Eli Greenlee,

having the possession of said money, which belonged to plaintiff, spent and squandered the same in the saloons of defendants for intoxicating liquors furnished him by them, and in and by the drunkenness brought about by said liquors, not only the $1,000 in money had been lost, but that, through the foreclosure of the mortgage, the farm referred to as a family homestead had also been lost.

The prayer of the petition is for a judgment for $5,000 damages, alleged to have been so sustained. A motion was filed by defendants in error to strike out of the petition the allegation referring to the farm and the $1,000 alleged to have been squandered by Eli at the saloons of the defendants in error. This motion was overruled, and defendants answered, denying the principal averments of the petition, and alleging, in substance, that prior to the time mentioned in plaintiff's petition, to-wit, October, 1882, and during the whole of the life-time of the said Eli, up to the time of the commencement of the action, the said Eli Greenlee was of no value to his family; that he never earned, by any exertion of his own, a living, either for himself or his family; that he had not the disposition to labor for their support, and, in short, that he was of no value to himself, his family, or any other person; that he never, at any time, provided a support for said family, and therefore they have lost nothing by any action of defendants; that prior to the marriage of plaintiff to the said Eli, she was fully advised as to his character and as to his want of a disposition to earn a livelihood by labor. The allegation of the petition, as to the loss of the $1,000 and the farm of the plaintiff, is specifically denied, and it is alleged that plaintiff and her husband had mortgaged the farm and borrowed the money for the purpose of building a house on said farm, and that the money so borrowed was expended for that purpose, but that the erection of the house was entirely beyond their means, and that through imprudence they brought upon themselves whatever disaster might have followed their acts of extravagance.

The reply of plaintiff consisted of a denial of the allegations of the answer.

The verdict of the jury was as follows: "We, the jury in this case, being duly empaneled and sworn, find all the issues joined in favor of the plaintiff and against both of the defendants, and we assess the damages of plaintiff at the sum of one dollar."

A motion for a new trial was filed by plaintiff, which was overruled, and judgment was rendered on the verdict. From this judgment she prosecutes error to this court.

Some stress is laid upon the fact that "all" the issues are found in favor of the plaintiff. For the purposes of this case, we do not think this language is of any material importance, as a general finding in favor of plaintiff might, perhaps, have imported the same meaning. However, we shall treat the verdict as being a finding in favor of plaintiff upon both branches of the case, to-wit: The loss of support for herself and family, and the loss of the farm and the $1,000 referred to in the petition. Upon the "farm" branch of the case there might be some argument adduced in favor of the verdict of the jury, as it could not be contended as supported by authority, that the loss of the farm by the foreclosure of the mortgage would constitute a proper element of damages. But if plaintiff placed the $1,000 referred to in the hands of her husband, and he "squandered" the same at the saloons of the defendants by purchasing liquor or by the other methods alleged, defendants would be liable therefor.

Of the instructions given to the jury by the court, we here copy the *first, third,* and *fourth* given upon the court's own motion. They are as follows:

"1. This is an action for loss of means of support and loss of plaintiff's separate and individual money. It is not an action for loss of society, but *it is wholly an action* to recover for a financial loss of support and maintenance and money lost. The plaintiff alleges that, during the

time stated in the petition, her husband was intoxicated; that in consequence of such intoxication he failed to support plaintiff and her children, and squandered plaintiff's money; that defendants furnished to her husband intoxicating liquors that contributed to such intoxication. As to either class of losses above mentioned, the plaintiff must prove all these allegations, in relation thereto, by a preponderance of the evidence, in order to recover. If she has so proved all these allegations as to either kind of losses aforesaid, against either the defendant Schoenheit, or the original defendant, Huber, who is now deceased, and his estate is represented by an administrator, you must find in favor of plaintiff against such defendant. If you find that plaintiff has proved all said allegations against both defendants, then you will find in her favor against both defendants. If you fail to find all the said facts alleged by plaintiff against either of said defendants, you will find for both defendants. If you find the truth of said allegations as against one of the defendants, and not against the other, you will find against the former, and in favor of the latter."

" 3. If you find for plaintiff as to loss of her separate money, as alleged in the petition, you will assess her damages on account of that kind of loss at the amount of such loss sustained by her in the way alleged in the petition, with interest at seven per cent per annum from the time the loss was suffered. This instruction as to interest applies also to loss of means of support, if you find any such."

"4. If you find for plaintiff, both as to loss of her separate money and as to loss of support of herself and children, then your verdict will be the aggregate of both kinds of losses together."

By these instructions the question of loss of plaintiff's money was submitted to the jury. By their verdict the jury found in favor of plaintiff upon this question. Taking

43

these findings as being correct, we confess our inability to understand the theory upon which the jury could have found the loss of $1,000 to result in a damage of only one dollar to plaintiff.

We think this question was properly submitted to the jury, and the verdict could not be in favor of plaintiff thereon and yet a finding of one dollar be sustained.

Sec. 15 of Chap. 50, Compiled Statutes of 1887, provides that, "The person so licensed shall pay all damages that the community or individuals may sustain in consequence of such traffic," etc.

Sec. 3 of Chap. 53 provides that, "A woman may, while married, sue and be sued, in the same manner as if she were unmarried."

Sec. 16 of chapter 50 gives to a married woman the right to institute and maintain in her name a suit for all damages sustained by herself and children on account of the traffic. This section is re-enacted from Chap. 29 of the Revised Statutes of 1866, it being Sec. 341 of the criminal code of that revision, and section 577 of the criminal code as published in the General Statutes of 1873, and by reason of its re-enactment into the present law, it has remained in force ever since the original enactment. *In re Mollie Hall*, 10 Neb., 537. *Hair v. State*, 16 Id., 601. *State v. Wish*, 15 Id., 448.

At the time of the original enactment of section 16 of the present law, the rights of a married woman were circumscribed by the provisions of the common law, and, therefore, it became necessary to confer upon her the right to maintain an action for damages sustained by herself and children, such as the loss of support. But in 1871, section 3 of the act approved March 1st of that year completely removed the common law disability; since which time she has been clothed with the right to bring an action in her own name "in the same manner as if she were unmarried." She, therefore, has the right to main-

tain an action for all damages that she, as an individual, may sustain in consequence of the traffic in liquors, under section 15 of the present law, the same as any other person might do under similar circumstances.

It cannot be questioned that an action might be maintained against a saloon-keeper by any person, other than the wife, suffering a loss by his money being "spent" and "squandered" in a saloon by an intoxicated person, or by the same spent and squandered, in a saloon kept by the defendant. *Mulford v. Clewell*, 21 O. S., 191. *Hemmens v. Bently*, 32 Mich., 89. If so, there is no reason why the action may not as well be maintained by the wife for similar damage.

These observations are made, not because they necessarily arise in the case, but for the reason that counsel in their brief asked the court to construe the sections under consideration in their application to the case at bar.

Upon examination of the bill of exceptions, we find the testimony as to the capacity or ability of plaintiff's husband to support his family to be principally one way. That he had the ability to labor, and when not under the influence of intoxicants, or suffering from his debauches, he had, to some extent, the care and management of his farm and the raising of stock thereon. As to his disposition to labor, there is a conflict in the testimony. The witnesses substantially all agree that, from about the year 1882, until the time of the commencement of the suit, he was in the habit of drinking intoxicating liquors, and some of the witnesses testified that this habit was formed to such an extent as to render him unfit for business or labor during a considerable portion of the time. Defendants' principal effort was to show that, not only subsequent to the time alleged in the petition as the commencement of his continued intoxication, which resulted in his failure to support his family, but prior thereto, reaching back from fifteen to twenty years, and in some cases longer, the hus-

band of plaintiff was somewhat shiftless and not inclined to labor, although all agree that he had the ability so to do.

The uniform rule, so far as we have been able to examine, established by the courts is, that the wife is entitled to the labor of her husband in providing a means of support. It cannot be contended but that the proof was sufficient to establish the fact that much of the time of plaintiff's husband, and a great portion of his means which should have been used in the support of his family, were spent in the saloons of defendants. She was not only entitled to his services, but also to the proceeds of his labor, as between herself and defendants. Much of his time and money being spent at their places of business, and being so found by the verdict of the jury, it is quite clear that the sum of one dollar, returned by them, could in no manner compensate plaintiff for her loss. It is testified by one of the defendants that plaintiff's husband paid him one dollar for liquor, although more than that amount in value was furnished. It is quite probable that the verdict of the jury was based upon the testimony of this defendant, as the amount of the verdict and sale agree. Whether this be true or not, we are unable to state, but the coincidence is somewhat remarkable. Should this be the case, we are driven to the conclusion that the jury found the allegations of the to the conclusion that the jury found the allegations of the petition to be true, and allowed plaintiff no damages whatever for the loss of support for herself and family during the interval named in the petition. "The wife relies, as she has a right to do, upon her husband, as her main, frequently her only, support. The person who deprives her of this support by converting her husband into a drunkard and an idle vagabond, most materially injures her means of support. She is thereby deprived of that to which she had a right, and which, when taken away, inflicts upon her a great wrong, for which the state gives her a remedy." *Woolheather v. Risley*, 38 Iowa, 486, at page 492.

The wife has the right to be maintained and supported at the expense of her husband, and she has an interest in his capacity for labor.   This interest in his capacity to labor cannot be lessened by proof on the part of defendants that he lacked the disposition, so far at least as this failure may be traced to his habits of intoxication.   The verdict of the jury upon the questions of fact involved in the case is clearly at variance with the amount of damages returned thereby, and therefore should not be permitted to stand.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.