THE CITY OF KINGMAN v. GEORGE F. BERRY.

| 40 | 625 |
|----|-----|
| 42 | 421 |
| 42 | 425 |
| 40 | 625 |
| 43 | 566 |
| 40 | 625 |
| 44 | 430 |
| 40 | 625 |
| 47 | 138 |
| 40 | 625 |
| 78 | 191 |
| 40 | 625 |
| 82 | 288 |

1. CRIMINAL LAW — *Complaint*—*Violation of City Ordinance.* Liberal rules should be applied to complaints filed in police courts for the violation of city ordinances, and the same strictness of pleading is not required in such cases as in prosecutions for public offenses in the name of the state by information or indictment.

2. COMPLAINT — *Sufficiency*—*Objections after Verdict.* A complaint drawn under a city ordinance prohibiting the placing of an obstruction upon the streets of a city, and providing a punishment therefor, was written in the following words, omitting the heading and verification: "J. W. Pettijohn, being duly sworn, states on oath that Geo. F. Berry, within the city of Kingman, state of Kansas, county of Kingman, did on the 31st day of January, 1887, unlawfully keep and maintain certain barrels of oil on Avenue A, near the corner of Main street north, the same not being within three feet of his said store building used by him as a general store, contrary to the ordinances of the said city of Kingman in such cases made and provided." *Held,* Sufficient, where the only objection made thereto was by a motion in arrest of judgment after a verdict of guilty had been returned.

3. —————— *Designation of Office in Jurat.* The police judge before whom the complaint was sworn to signed the jurat attached to the same, but the name of his office was not included in the signature; but it appeared from the transcript of the case brought up to the

40 — 40 KAS.

district court, and upon which the appeal was founded, that the person who signed the jurat was the police judge of the city, and therefore the omission of the officer to couple the name of his office with his signature did not invalidate the complaint.

### Appeal from Kingman District Court.

PROSECUTION for the violation of a city ordinance. From a judgment against him at the May term, 1888, the defendant *Berry* appeals. The facts appear in the opinion.

*L. M. Conkling & Son*, for appellant.

*W. W. Wallace*, city attorney, *contra*.

The opinion of the court was delivered by

JOHNSTON, J.: George F. Berry was prosecuted in the police court and convicted of a violation of a certain city ordinance of the city of Kingman. He was sentenced to pay a fine of $3. From that judgment he appealed to the district court, where he was tried before the court with a jury, and was again convicted, and again adjudged to pay a fine of $3, together with the costs of the prosecution. He now appeals to this court.

The principal objection urged against the conviction is the insufficiency of the complaint. It was drawn under an ordinance of the city of Kingman prohibiting any person from obstructing a street or sidewalk of the city by placing or maintaining thereon any filth or litter, or any goods, wares or merchandise, but providing that merchants might be allowed to use three feet of the walk immediately in front of their places of business for the purpose of exposing their goods and wares, and providing that a violation of the ordinance should be punished by a fine in any sum not more than $100. The complaint is in the following language:

"STATE OF KANSAS, COUNTY OF KINGMAN, ss.—*City of Kingman v. George F. Berry.*—J. W. Pettijohn, being duly sworn, states on oath that George F. Berry, within the city of Kingman, county of Kingman, state of Kansas, did, on the 30th day of January, 1887, unlawfully keep and maintain

certain barrels of oil on Avenue A, near the corner of Main street north, the same not being within three feet of his said store building, used by him as a general store; contrary to the ordinances of the city of Kingman in such cases made and provided.                                    J. W. PETTIJOHN.

Subscribed and sworn to before me this 31st day of January, 1887.                                        M. L. MOCK."

This complaint is not as formal, full and precise in its allegations as it should have been. It does not follow the language of the ordinance, by stating that the barrels maintained by the defendant upon the street were an obstruction. It is not necessary, however, to charge the offense in the exact words of the ordinance, nor is the same strictness of pleading required in prosecutions in police courts to enforce the ordinances of cities as is required in prosecutions in the name of the state by information or indictment. The liberal rules of pleading and practice which characterize modern judicial proceedings extend to and embrace prosecutions for the violation of ordinances of municipal corporations. (*West v. City of Columbus*, 20 Kas. 633; *Smith v. City of Emporia*, 27 id. 528.) Although the complaint does not in terms charge the defendant with obstructing the street, the language used substantially conveys the same meaning, by setting forth that he *unlawfully kept and maintained* certain barrels of oil upon the street, contrary to an ordinance of the city. To keep and maintain barrels of oil at a place on the street forbidden by the ordinance, indicates more than a temporary or proper use of the street, and necessarily amounts to an obstruction. Again, there was no motion made to quash the complaint, and its sufficiency was never brought to the attention of the court until after trial and verdict, when a motion in arrest of judgment was filed. It was then too late to avail himself of technical error in the form or of mere imperfection in the statement of the complaint. Defects in a criminal pleading which might be held bad in a motion to quash, if one was made, are not always sufficient, after a verdict of guilty, to arrest a judgment. (*The State v. Knowles*, 34 Kas. 393.) We are of opinion that the technical defects in the form and averments of this com-

plaint, and which were not suggested until after trial and verdict, should not now be regarded as fatal on a motion in arrest of judgment.

Another objection urged against the conviction is, that the jurat attached to the complaint fails to show that M. L. Mock, who signed it as police judge, was an officer authorized to administer oaths. This is a trivial point, deserving of little attention. The important consideration is, whether the complaint was actually sworn to before a proper officer. The mere fact that an officer fails to couple his official title with his name in signing a jurat, or to attach a jurat at all, to the affidavit at the time the oath is administered, will not invalidate it. The officer may attach a jurat or his official signature thereto at a later time, when the affidavit would be held sufficient. (*Buckland v. Goit*, 23 Kas. 327.) In the present case, no objection was taken to the jurat during the trial, and if there had been it is shown by the record that the objection would have been unavailing. The transcript of the case brought up to the district court, and upon which the appeal was founded, shows plainly enough that M. L. Mock was the acting police judge of the city of Kingman. Apart from this, the court could take judicial notice of the official character of Mock and of the tribunal over which he presided and from which the proceedings came. (*City of Cherokee v. Fox*, 34 Kas. 16.)

Some complaint is made of the rulings of the court upon the evidence, and also that the verdict is not sustained by sufficient evidence; but the record is not in such a condition as to warrant an examination of these questions. The testimony and the rulings thereon are included in what purports to be a case-made, instead of a bill of exceptions, as the law requires.

We find no error in the record that will justify a reversal, and therefore the judgment of the district court must be affirmed.

All the Justices concurring.