## THE STATE OF KANSAS v. D. M. JESSUP.

1. CRIMINAL CASE — *Testimony, Motion to Exclude.* It is not correct practice in a criminal cause, after the jury is sworn and the trial commenced by placing a witness upon the stand, to move to exclude all testimony under the indictment or information, on the ground that it does not charge a public offense. (*Rice v. The State,* 3 Kas. 141.)

2. ARSON — *Information, When Sufficient.* An information under § 57 of the crimes act, which charges that "One D. M. J. did then and there unlawfully, feloniously burn a barn, the property of Geo. L. Painter, then and there situate, with intent to defraud the insurers of said barn, to wit, the German Insurance Company of Freeport, Illinois, and the Fireman's Fund Insurance Company of San Francisco, California," is sufficient after a verdict of guilty, to support sentence against a motion in arrest of judgment, although the information fails to contain the following words of the statute: "which shall at the time be insured against loss or damage by fire."

*Appeal from Edwards District Court.*

ON January 12, 1889, there was filed in the district court of Edwards county the following information, omitting caption, signature, and verification:

"I, W. H. Robb, the undersigned, county attorney of said county, in the name, by the authority and on behalf of the state of Kansas, come now here and give the court to understand and be informed, that on the 11th day of April, 1888, in said county of Edwards and state of Kansas, one D. M. Jessup did then and there unlawfully, feloniously burn a barn, the property of Geo. L. Painter, then and there situate, with intent to defraud the insurers of said barn, to wit, the German Insurance Company of Freeport, Ill., and the Fireman's Fund Insurance Company of San Francisco, California; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

On January 25, 1889, trial was had. The defendant, upon being arraigned, pleaded not guilty. No motion was filed or presented to quash the information.

When the state called its first witness, the defendant ob-

jected to the introduction of any evidence, upon the ground that the information did not state facts sufficient to constitute any public offense. This objection was overruled by the court, the defendant excepting. After the hearing of the evidence, the charge of the court, and the argument of counsel, the jury returned a verdict of guilty against the defendant. Thereupon he filed his motion for a new trial, containing the usual statutory grounds, and also alleging that the information on which he was tried did not state facts sufficient to constitute a public offense. The motion was overruled, the defendant excepting. On February 4, 1889, the defendant was sentenced to be confined at hard labor in the penitentiary of the state for a period of five years. From the judgment and sentence he appeals to this court.

*C. N. Sterry,* for appellant.

*L. B. Kellogg,* attorney general, and *W. H. Robb,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The information upon which the defendant was convicted was based upon § 57 of the crimes act:

"Every person who shall burn any building, boat or vessel, or any goods, wares or merchandise, or other chattels, which shall at the time be insured against loss or damage by fire, with intent to defraud or prejudice the insurer, whether the same be the property of such person or any other, shall be, upon conviction, adjudged guilty of arson in the third degree."

No motion to quash was filed or presented, and the defendant pleaded not guilty, and afterward, upon the trial, objected to the introduction of any evidence against him, upon the ground that the information did not state facts sufficient to constitute a public offense. This objection was overruled. Of this, complaint is made. In overruling the motion to exclude the testimony, there was no error. It was decided many years ago in this court, in *Rice v. The State,* 3 Kas. 141, that—

"The proper time to raise the question of the sufficiency of

the indictment before verdict, is by motion to quash; after verdict, by motion in arrest of judgment: and it seems it is not correct practice, after the jury is sworn and trial commenced by placing a witness on the stand, to move to exclude all testimony under the indictment, on the ground that it does not charge a public offense."

No motion in arrest of judgment was filed, and hence we might end the case at this point with an affirmance of the judgment. But treating the language of the motion for a new trial as a motion in arrest, we will examine further. The contention is, that the following words of said § 57, "which shall at the time be insured against loss or damage by fire," are omitted from the information, and therefore that it is fatally defective. Upon a motion in arrest, we do not think the objection well taken. It was necessary at the trial, under the allegations of the information, to prove that the barn was insured against loss or damage by fire, in order to establish the intent of the defendant to defraud the insurers. The insurers were named as the German Insurance Company, of Freeport, Illinois, and the Fireman's Fund Insurance Company, of San Francisco, California. So the testimony that was presented, and was necessarily presented under the information, was the same as if the omitted words were embraced therein. There could be no intent to defraud the insurers in burning the barn described in the information, unless at the time of the fire the property was insured against loss or damage, by the companies named. We think that the averments of the information as made, were in legal effect equivalent to a charge that the barn, at the time of its destruction, was insured against loss or damage by fire. It is a principle of pleading that whatever is included in, or necessarily implied from, an express allegation, need not be otherwise averred. (*Baysinger v. The People*, 115 Ill. 419.)

The defendant, the court and the jury all well understood from the information the offense with which the defendant was charged; this is too clear to admit of serious doubt. If the insurance of the barn at the time of the burning was neces-

sarily implied from the express allegations in the information, the indictment is certainly sufficient as against an attack after trial and a verdict of guilty. The criminal code provides that "words used in the statutes to define a public offense need not be strictly pursued, but other words conveying the same meaning may be used."

Section 109 of the criminal code declares that —

"The indictment or information is sufficient if it appear therefrom: . . . Third, That the offense was committed within the jurisdiction of the court, or is triable therein. Fourth, That the offense charged is clearly set forth, in plain and concise language, without repetition; and, Fifth, That the offense charged is stated with such degree of certainty that the court may pronounce judgment upon conviction, according to the right of the case."

Section 293 of the criminal code further says that—

"On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

In *City of Kingman v. Berry*, 40 Kas. 625, there was no motion made to quash the complaint, and its sufficiency was never brought to the attention of the court until after trial and verdict, when a motion in arrest of judgment was filed. It was said in this case that—

"It then was too late [for the defendant] to avail himself of any technical error in the form of, or mere imperfection in, the statement of the complaint. Defects in a criminal pleading which might be held bad in a motion to quash, if one was made, are not always sufficient, after a verdict of guilty, to arrest a judgment." (See also *The State v. Rook*, just decided.)

All the exceptions will be overruled.

The judgment of the district court must be affirmed.

All the Justices concurring.