THE STATE OF KANSAS v. FRED M. ASHE.

1. INFORMATION — *Sufficiency, How Tested.* A defendant desiring to test the sufficiency of an information before a verdict should do so by a motion to quash, and not by an objection to the introduction of evidence, after a jury have been sworn. (*Rice v. The State*, 3 Kas. 135; *The State v. Jessup*, 42 id. 422.)

2. FALSE PRETENSES — *Sufficient Information.* The information for obtaining money under false pretenses considered, and *held*, sufficient, on an objection to the introduction of evidence.

*Appeal from Atchison District Court.*

THE case is stated in the opinion.

*L. B. Kellogg,* attorney general, *T. M. Pierce,* county attorney, *F. W. Raymond,* and *W. D. Webb,* for The State.

Opinion by GREEN, C.: The state appeals in this case from the ruling of the Atchison county district court, at the September term, 1889, in sustaining an objection to the introduction of any evidence because the information did not state facts sufficient to constitute a public offense.

The defendant was prosecuted for obtaining money from J. F. Class under false pretenses. The information charged that the defendant obtained $600; that said sum was obtained by means of certain false and fraudulent representations made

at the time, which are set out in the information. Among other things, it was charged that the defendant represented to the said Class that the firm of Shaw & Ashe, of which the defendant was a member, owned certain promissory notes, which were executed by various parties and payable to the order of said firm, and then enumerated them; that the defendant represented the notes to be in the possession of himself and the firm; that none of them had been paid, or any part thereof; that he had good right to pledge them as security for the loan of said sum of $600; that Class believed and relied upon the representations; that at the time the $600 was paid, Class received from the defendant four of the notes mentioned; the other notes mentioned were promised, but never in fact delivered. The information contained the allegation that one of the notes had been paid before the same was delivered, except a small sum, and that the defendant well knew at the time it had been paid; and that a large number of the other notes enumerated were not owned by Shaw & Ashe or the defendant. The information further alleged that each and all of the representations made by Ashe were false and untrue, and were known by the defendant to be false and untrue at the time he made them, and were made with the intent to cheat and defraud Class out of $600. It appears from the record in this case that a jury was impaneled and the trial commenced; the state offered evidence to sustain the averments in the information, when the defendant interposed the objection that the information did not state facts sufficient to constitute a public offense. No motion was made to quash the information.

Complaint is made upon the part of the state, that the court erred in sustaining the objection; that it was not the proper practice to raise an objection to the information in this way, and at that stage of the trial. We are inclined to sustain the state in this view. It was decided by this court in one of the earlier cases (*Rice v. The State*, 3 Kas. 135), that the proper time to raise the question of the sufficiency of the indictment before verdict was by motion to quash, after verdict, by mo-

tion in arrest of judgment. In this case Chief Justice CROZIER said:

"The proper way to raise the question of the sufficiency of the indictment before verdict is by motion to quash; after verdict, by motion in arrest of judgment. Of course a question of the jurisdiction of the court may be presented at any time. We do not pretend to say that it would be error to sustain the motion made under the circumstances indicated; but we do say that overruling the motion would not be error. If the court could clearly see that in case a verdict was rendered against the defendant the judgment must be arrested, and that therefore further proceedings in the trial would be useless consumption of time, it would be proper to arrest the case. But ordinarily the court should not stop in the midst of a trial to consider the indictment. If the defendant neglects to make his motion to quash, he should be made to wait until he may present his objection to the indictment by a motion in arrest of judgment."

The same rule of criminal practice was recently adhered to in the case of *The State v. Jessup*, 42 Kas. 422.

The court erred in sustaining the objection to the introduction of evidence and discharging the defendant.

A careful examination of the information satisfies us that it states facts sufficient to constitute the offense of obtaining money under false pretenses, especially upon an objection to the evidence after the trial had commenced.

We recommend that the judgment of the court below be reversed, and the cause remanded.

By the Court: It is so ordered.

All the Justices concurring.