## THE STATE OF KANSAS V. CODY PRYOR.

1. ARRAIGNMENT—*Motion to Quash.* A motion to quash should precede arraignment.

2. INFORMATION—*Amendment.* An information may be amended on the trial as to all matters of form, at the discretion of the court, when the same can be done without prejudice to the rights of the defendant.

3. DISTINCT ACTS, *Coupled in the Same Count.* Where a statute makes two or more distinct acts connected with the same transaction indictable, each one of which may be considered as representing a phase in the same offense, and no motion to quash before arraignment is presented, such information is not fatally defective because they are coupled in the same count.

### *Appeal from Leavenworth District Court.*

THE information in this case charged the defendant, under § 38 of the act in relation to crimes and punishments, with a felonious assault with a deadly weapon on George Sims, with intent to maim and kill said Sims. At the trial the defendant refused to plead, and thereupon a plea of not guilty was entered. A jury was called, and those called as jurors were examined as to their qualifications. The defendant took part in the examination of the jurors, and peremptorily challenged three persons. The jury was sworn to try the case; and after the county attorney had stated the case of the prosecution to the jury, and after the defendant's attorney had stated his case, a witness was called by the state, and when the first question was asked, the defendant objected to the introduction of any testimony in the case "because the information was bad for duplicity, in that it charged two distinct felonies in one count." The defendant then filed a motion to quash the information, on the ground that "it is bad for duplicity, for that in one count it states and charges two distinct felonies, to wit: an assault with a deadly weapon with the intent to kill, and assault with a deadly weapon with the intent to maim." The state objected to the hearing of the motion, for

the reason that it was done too late. This objection was overruled. The state then applied to the court for leave to amend the information, and to file an amended one, which application was refused. On the hearing of defendant's motion, the state applied to the court for leave to elect upon which of the felonies it would proceed. This application was also by the court refused and overruled. The defendant's objection to the introduction of testimony and his motion to quash were sustained. The court then discharged the jury from further consideration of the case, and discharged the defendant from custody. The state excepted to each of the rulings of the court, and reserved the respective questions whether such rulings and decisions were proper and should have been made, and brings the case to this court.

*S. E. Wheat*, county attorney, for appellant.

The opinion of the court was delivered by

HORTON, C. J.: A motion to quash should precede arraignment. (*The State v. Otey*, 7 Kas. 69; *The State v. Ruth*, 21 id. 583; 4 Am. & Eng. Encyc. of Law, 764.) The proper time to raise the question of the sufficiency of an information or indictment before a verdict is by a motion to quash; after verdict, by motion in arrest of judgment. It is not good practice to raise an objection to an information by objecting to the introduction of testimony. The question of the jurisdiction of the court may be presented at any time. (*The State v. Ashe*, 44 Kas. 84, and cases cited.) If a person, when arraigned, refuses to plead or answer, a plea of not guilty must be entered, and the same proceedings are then had in all respects as if he had formally pleaded not guilty. (Crim. Proc., § 161.) If the information was defective, the trial court ought to have permitted it to be amended. (Crim. Proc., § 72.) It would not have prejudiced the rights of the defendant to have stricken out "to maim" or "to kill," as the prosecution might have elected. The general rule is, that duplicity in criminal cases cannot be made the subject of a motion in arrest of the judg-

ment. It is cured generally by a verdict of guilty as to one of the offenses charged. (Whar. Cr. Pl., § 255.) Therefore it is important that the sufficiency of the information or indictment be disposed of before arraignment.

It is allowable to state in the same count of an information or indictment the successive gradations of statutory offenses conjunctively, when they are not repugnant. It is observed by Wharton that, where a statute makes two or more distinct acts connected with the same transaction indictable, each one of which may be considered as representing a phase in the same offense, it has been ruled that they may be coupled in one count. (Whar. Cr. Pl., § 251; *Commonwealth v. Miller*, 117 Pa. St. 276; *Wingard v. The State*, 13 Ga. 396.)

The judgment of the district court will be reversed, and the case remanded for further proceedings, in accordance with the views herein expressed. (*In re Scrafford*, 21 Kas. 735; *The State v. Ashe*, supra.)

All the Justices concurring.