THE CITY OF FORT SCOTT V. JOSEPHINE DUNKERTON AND CHARLES DUNKERTON.

No. 15,794.    (96 Pac. 50.)

SYLLABUS BY THE COURT.

1. CRIMINAL PLEADINGS—*Motion to Quash Complaint Containing Several Counts.* A motion to quash directed at an entire complaint containing several counts, some of which are bad, can not be sustained if the complaint contains one good count.

2. ——— *Objection to the Introduction of Evidence.* An objection, made when the first witness is about to testify, to the admission of any testimony is not a proper method of testing the sufficiency of a criminal accusation.

3. ―――― *Sufficiency Attacked after Verdict ― Concurrence of Time ― Surplusage.* After a conviction upon a charge of maintaining a nuisance at a. certain place on certain days, judgment will not be arrested because it was alleged in the complaint that the defendant kept a place where intoxicating liquors were *and are* sold and where persons were *and are* permitted to resort for the purpose of drinking such liquors. The words "and are" may be treated as surplusage.

4. ―――― *Intoxicating Liquors—Nuisance—Negative Averment —Dwelling-house.* In a charge of keeping and maintaining a nuisance it is not necessary to include the negative averment that the place kept and maintained is not a dwelling-house.

Appeal from Bourbon district court; WALTER L. SIMONS, judge. Opinion filed May 9, 1908. Affirmed.

*W. F. Jackson,* for appellee.

*J. M. Humphrey,* and *Osborn & Osborn,* for appellants.

The opinion of the court was delivered by

JOHNSTON, C. J.: Josephine Dunkerton and Charles Dunkerton were prosecuted for the violation of a city ordinance of Fort Scott prohibiting the sale of intoxicating liquors and the keeping of a place where such liquors were sold. The complaint contained ten counts, nine of which charged sales of intoxicating liquors and one the maintaining of a nuisance. After a conviction in the police court the defendants appealed to the district court, where a trial was had which resulted in a conviction upon the charge of maintaining a nuisance. Each was sentenced to imprisonment for six months and to pay a fine of $500. In their appeal to this court they challenge the sufficiency of the complaint upon which the conviction rests. Counsel for the city insists that the question is not properly presented here for review. The appellants sought to test the complaint by a motion to quash, directed at the entire complaint, containing ten counts, but as some of the counts were unquestionably good the motion could not be allowed,

even though the single count upon which they were subsequently convicted was obviously defective. (*The State v. Elliott* [Kan. 1901], 64 Pac. 1027.)

The defendants also undertook to raise the question by an objection to the admission of any testimony under the complaint. After the jury had been sworn and when the first witness was called upon the stand and questioned the objection was made and overruled. It has been repeatedly held that such an objection is not a proper method of testing the sufficiency of a criminal accusation, and hence there was no error in the ruling. (*Rice v. The State of Kansas*, 3 Kan. 141; *The State v. Jessup*, 42 Kan. 422, 22 Pac. 627; *The State v. Ashe*, 44 Kan. 84, 24 Pac. 72; *The State v. Pryor*, 53 Kan. 657, 37 Pac. 169.)

The defendants finally sought to raise the question on a motion in arrest of judgment, which specifically alleged that the count upon which they were convicted did not state a public offense. While a technical error in form or an imperfection in the statement of a complaint which might be held bad on a motion to quash is not always sufficient after a verdict of guilty to arrest the judgment (*City of Kingman v. Berry*, 40 Kan. 625, 20 Pac. 527), the alleged defect in the complaint will be considered.

In the nuisance count it was charged that the defendants, "on or about the 8th, 9th, 10th, 11th, 12th and 13th days of March, A. D. 1907," kept and maintained in a certain building in the city of Fort Scott "a place where intoxicating liquors were and are sold, bartered and given away; a place where intoxicating liquors were and are kept for sale, barter and delivery; a place where persons were and are permitted to resort for the purpose of drinking intoxicating liquors as a beverage; and a place where intoxicating liquors, glasses, pumps, barrels, kegs, jugs, and bar fixtures were and are kept in maintaining said place; which said place and said intoxicating liquors, glasses, pumps,

barrels, kegs, jugs, and bar fixtures, kept and used in maintaining said place, were and are a common nuisance." It is contended that the complaint is defective in that it fails to state concurrence of time in the acts charged against defendants. It is argued that the words "were and are," as used, are open to the interpretation of the keeping of a place at a past time and of sales and other acts of defendants at a present time. As will be observed, each act of the defendants is charged to have been done in the past, and the addition of the words "and are" may fairly be treated as surplusage. In substance it is alleged that defendants, from the 8th to the 13th days of March, 1907, inclusive, did keep a place where intoxicating liquors were sold and kept for sale, and where persons were permitted to resort for the purpose of drinking such liquors, etc. In effect it is charged that all of the acts constituting the offense were continuous and concurrent throughout the time mentioned, and constituted but one offense. (*The State v. Giroux,* 75 Kan. 695, 90 Pac. 249.)

Attention is called to the omission of the words "then and there," which are usually employed in charges of this character, but the times of doing the forbidden acts having been once definitely stated and showing concurrence, a repetition of the averment was unnecessary. (Crim. Code, § 110.)

It is also claimed that there is a defect in omitting the negative averment that the place kept by defendants was not a private dwelling-house. The offense of maintaining a nuisance may be committed in a dwelling or any other house, and hence it is not necessary to state the kind of a house in which the nuisance was kept and maintained.

The judgment of the district court is affirmed.