THE CITY OF MCPHERSON, *Appellee,* v. S. B. HANSON,
*Appellant.*

No. 18,111.

SYLLABUS BY THE COURT.

1. APPEAL—*From Police Court—Complaint—Trial.* On an ap-
peal from a police court the transcript contained a copy of
the complaint except the verification. After the jury had
been sworn the defendant objected to any evidence because
there was no complaint on file. The court then allowed the
original complaint to be filed, overruled the objection, and
proceeded to trial. No motion for delay or .other application
was made by the defendant. It is held that the substantial
rights of the defendant were not prejudiced. .

2. ROAD TAX—*City Ordinance—Valid.* The statutes authorized
. the collection of an annual road tax of three dollars from a
class of persons in cities of the second class. An ordinance
was enacted in harmony with these statutes. Afterwards
and before the tax became delinquent, the statutes were
changed by a new enactment containing substantially the
same provisions but requiring thirty days' notice to the tax-
payer before a prosecution could be maintained. It is held
that the ordinance remained in force notwithstanding the
change in statutes, and the thirty days' notice having been
given, a conviction should be sustained.

Appeal from McPherson district court. Opinion filed
July 6, 1912. Affirmed.

*W. H. Carpenter,* of Marion, for the appellant.

*P. J. Galle,* of McPherson, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an appeal from a conviction
under a city ordinance for refusal to pay a road tax
in a city of the second class.

The prosecution originated in the police court. On
appeal a jury was impaneled and sworn in the district
court without objection, but the appellant then objected
to the introduction of any evidence upon the grounds

49—87 KAN.

that there was no complaint on file and that the so-called complaint was based upon an ordinance which the city had no authority to pass. It appeared that a purported copy of the complaint contained in the transcript from the police court did not contain the verification. The court then allowed the original complaint to be filed and overruled the objection. No motion for a delay or other application was made. If there was any error in the ruling it did not affect the substantial rights of the appellant. He was not tried upon the copy, but on the original complaint. If he desired to object to the complaint he should have done so before the jury was sworn. (*The State v. Otey,* 7 Kan. 69; *The State v. Adams,* 20 Kan. 311.) An objection made afterwards to the introduction of testimony was not a proper method of testing the sufficiency of the complaint. (*Fort Scott v. Dunkerton,* 78 Kan. 189, 96 Pac. 50.)

The complaint charges that:

"S. B. Hanson did then and there Unlawfully, Wilfully, refuse and fail to pay a road tax of three dollars for the year 1911 to the City of McPherson, contrary to an ordinance of the said City, and against the peace and dignity of said City."

Without deciding whether a motion to quash, if presented, should have been sustained it is sufficient to say that this court long since recognized the practice prevailing generally in police courts that brief and somewhat informal charges are permitted in such courts. It was said in *City of Kingman v. Berry,* 40 Kan. 625, 20 Pac. 527:

"Liberal rules should be applied to complaints filed in police courts for the violation of city ordinances, and the same strictness of pleading is not required in such cases as in prosecutions for public offenses in the name of the state by information or indictment." (Syl. ¶ 1.)

It would be contrary to common observation to say that this complaint did not sufficiently inform the ap-

pellant of the nature of the charge made against him. To hold that prosecutions in police courts should be conducted with a nice observance of the rules of pleading usually prevailing in trials upon indictments or informations would add useless expense and unnecessarily prolong such trials.

The ordinance became effective May 3, 1911. At that time chapter 198 of the Laws of 1909 (Gen. Stat. 1909, § 7328 *et seq.*) and chapter 251 of the Laws of 1911, providing for the collection of an annual tax from persons of a specified class, were in force. Before the last-named statute was passed this court held that the provisions of the act of 1909 did not give authority to cities of this class to require road work from its citizens, that power having been taken away by a statute passed in 1907, and not restored by the act of 1909. (*Heath v. Iola,* 81 Kan. 177, 105 Pac. 32.) Chapter 251 of the Laws of 1911 was afterwards enacted conferring such power by an amendment of chapter 295 of the Laws of 1907 (see Gen. Stat. 1909, § 7289).

From an examination of the various statutory provisions referred to it is found that when this ordinance was adopted male persons between 21 and 50 years of age, not a public charge, were liable each year to pay $3 to the overseer or street commissioner of the city to be expended upon roads, unless the proper authorities had recommended that work be allowed to be furnished in lieu of money.

The ordinance provides that persons within the ages named in the statute, who have resided thirty days in the state and ten days in the city, not a public charge, shall be liable to pay the sum of three dollars to the street commissioner to be expended upon the streets unless the commissioner shall at a regular meeting of the council be authorized to accept labor in lieu of money. Provision is made for prosecution if the payment is not made.

The ordinance appears to be within the authority of

the statutes before referred to, and in harmony with their provisions, but it is said that they were repealed by a later statute. At the legislative session of 1911 another act was passed which took effect May 22, 1911, after the ordinance was passed but before the alleged offense was committed. (Laws 1911, ch. 248.) This later act is comprehensive, containing the provisions of many former acts. Section 36 is a reënactment in substance and effect of the former existing provisions relative to such road taxes, with the addition of a clause requiring a thirty-day notice of the tax before commencing a prosecution for failure to pay. Section 15 of the new act is a like reënactment of chapter 251 of the same session before referred to. This act in terms repeals the former statutes, except chapter 251 of the Laws of 1911, to which reference has been made.

The provisions of an ordinance adopted in pursuance of a statute afterwards repealed, so far as they are in harmony with the new act, may be enforced. (*Franklin v. Westfall*, 27 Kan. 614.)

"Where a statute which does not in express terms annul a right or power given to a corporation by a former act, but only confers the same rights and powers upon it under a new name, and with additional powers, the latter act does not repeal the former." (McQuillin, Municipal Ordinances, § 211.)

(See, also, *State v. Gumber*, 37 Wis. 298; *In Re Mollie Hall*, 10 Neb. 537.)

While the acts of 1909 and chapter 251 of the Laws of 1911 were repealed they are reënacted.

"The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment." (Gen. Stat. 1909, § 9037, subdiv. 1.)

Referring to the rule of continuance by reënactment it was said in *Junction City v. Webb*, 44 Kan. 71, 23 Pac. 1073:

"It has even been applied to criminal statutes, where

a new law expressly repealed the one reënacted, the reënactment being construed to continue in force the uninterrupted operation of the old law." (p. 74.)

When the tax became delinquent, and when the prosecution was commenced, a statute was in force giving the same authority to the city conferred by the statutes in effect when the ordinance was adopted. In this situation the ordinance remained in effect. It is true that neither the former law nor the ordinance required in terms a preliminary notice, yet it is probable that a reasonable notice would have been required by interpretation before a prosecution could have been sustained. The reasons for such an interpretation and policy upon which it is based are stated in *Gilmore, County Clerk, v. Hentig,* 33 Kan. 156, 5 Pac. 781, and *Railroad Co. v. Abilene,* 78 Kan. 820, 98 Pac. 224. This policy was later established in the last enactment and the time to be given in the notice was definitely fixed. When the offense was committed and the case was tried this statute was in effect, and the court gave the appellant the benefit of its provisions by instructing the jury that proof of such notice was necessary.

It will not be claimed that the appellant had a vested right to be prosecuted without a notice for the reason that none was required by the express terms of the statute or the ordinance. The notice, even if not required, was not injurious.

The rights of the appellant were fully protected. He was subject to the tax and after due notice refused to pay it. This default subjected him to the prosecution. No error is found in the proceedings and the judgment is affirmed.

WEST, J., dissenting.