No. 24,700.

The State of·Kansas, *Appellee,* v. Jim Smith, *Appellant.*

SYLLABUS BY THE COURT.

1. Criminal Law—*How Robbery May Be Committed.* A robbery may be committed either by feloniously taking property from the person of another against his will, by violence to his person, or by putting him in fear of some immediate injury to his person.

2. Same. The pointing of a revolver at a person and the taking of her property near by without violence, or the taking of it immediately from her person, but against her will and while she was in fear of immediate injury to her person, is sufficient to constitute a robbery.

3. Same—*No Substantial Variance Between Information and Evidence.* The information and evidence examined, and it is held that there was no substantial variance between them.

4. ·Same—*Evidence of Similar Felony Committed at the Same Time Admissible.* Evidence of the felonious taking of property from the companion of the one robbed at the time the robbery in prosecution was committed, and where both acts were so intimately connected that one could not well be shown without proving the other, was not improperly admitted.

5. Same. In some cases, evidence of other crimes of a similar nature committed under similar circumstances, about the same time, and which tend to prove the guilt of the accused of the crime charged, is admissible.

6. Same—*Objection to Rulings of Trial Court Without Merit.* Certain objections to rulings on the admission of evidence and to the instructions are held to be without merit.

7. Same—*Pronouncing of Sentence.* The record of the case is held to show that before sentence was pronounced by the court the defendant was informed of the verdict rendered and was asked whether he had any legal cause to show why judgment should not be pronounced against him.

Appeal from Sedgwick district court, division No. 2; Thornton W. Sargent, judge. Opinion filed June 9, 1923. Affirmed.

*J. W. Ward,* and *Dempster O. Potts,* both of Wichita, for the appellant.

*Charles B. Griffith,* attorney-general, *W. A. Blake,* county attorney, *Harry C. Castor,* and *John W. Wood,* deputy county attorneys, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.:  Jim Smith was convicted of robbery in the first degree, and appeals.

He assigns as error the overruling of his demurrer to the evidence of the state and of his motion to discharge the defendant.  The con-

tention is that the testimony showed that Marie Huff, alleged to have been held up and robbed, was not searched or touched and that no property was taken from her person, whereas the information charged that defendant searched her clothing and committed robbery upon her person. The charge, in substance, was that defendant feloniously pointed a revolver at Marie Huff, demanded that she throw up her hands, and then searched her clothing, and by putting her in fear of immediate danger to her person, with the intent to rob her, took and carried away certain personal property of hers which was described. There was testimony to the effect that while she and Mr. Baron, her companion, were riding in an automobile they were followed for a time by the defendant and another traveling in an automobile, and that they drove into a position so as to block the way of the former. Then the defendant ordered Baron and Marie Huff to get out of their car, pointed a revolver at them, and thereupon the defendant searched Baron and took pocket books, watch and other property from him, as well as the purse of Marie Huff and the money which was in it, together with a vanity box. It does not appear that a search of the clothing of Marie Huff was made nor that the property was taken immediately from her person. Some of the evidence tended to show her property was taken from Baron. It was not necessary to a conviction to show violence to her person or the taking of the property directly from her person. A robbery may be committed without a search of the clothing or an assault upon the person of the victim. If in her fright she had dropped her purse and the defendant had taken it from the ground, it would have constituted robbery. It is enough if the property is taken in her presence and against her will, either by violence or putting her in fear of some immediate injury to her person. The statute provides that:

"Every person who shall be convicted of feloniously taking the property of another from his person or in his presence, and against his will, by violence to his person or by putting him in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree." (Gen. Stat. 1915, § 3443.)

Here the offense was shown to have been committed in the nighttime, that defendant flashed a light upon Marie Huff and her companion, pointed a revolver at them and ordered them to stick up their hands, step out of the automobile, and then the property of both was taken by the defendant. That of Marie Huff was taken

·in her presence and when a revolver was pointed towards her. This demonstration necessarily put her in fear and she had good grounds for fear of immediate injury to her person. In·defining what constitutes robbery East said:

> In robbery, it is sufficient if the property be taken in the presence of the owner; it need not be taken immediately from his person, so that there be violence to his person or putting him in fear. As where one, having first assaulted another, takes away his horse standing by him; or, having put him in fear, drives his cattle out of his pasture in his presence, or takes up his purse which the other in his fright had thrown into a bush, or his hat which had fallen from his head." (2 East P. C. 707. See, also, *State v. Lamb*, 141 Mo. 298; *The United States v. Jones*, 3 Wash. C. C. 209; Kelly on Criminal Law, 3d ed., § 633; Bish. New Crim. Law, §§ 1177, 1178.)

While the evidence did not prove all the allegations in the information, namely, the taking of property directly from her person, it did sufficiently establish the charge that the offense was committed in her presence, and under the statute it is robbery if the property is taken either from the person or in the presence of the party by fear of immediate injury to the person. There was no variance between the information and the evidence and no error in denying defendant's motion.

Complaint is made that Baron, the companion of Marie Huff, was allowed to testify as to property taken from him at the time of the holdup. The robbery of the two parties was so intimately connected that proof of the robbery of one could not well be presented without proving the robbery of the other. As was said in *The State v. Adams*, 20 Kan. 311:

> "A party cannot, by multiplying his crimes, diminish the volume of competent testimony against him. (p. 319.)

Evidence of other crimes of a similar nature and under similar circumstances, and which tend to prove the guilt of the accused of the particular crime charged against him, is admissible. (*The State v. King*, 111 Kan. 140, 206 Pac. 883.)

Error is assigned on a ruling sustaining an objection to a question asked a witness for the state if he had not been fired from the police force for misconduct. There was no material error in the ruling.

Objections are made to some of the instructions without definitely pointing out the grounds of the same, but we discover no material error in them.

There is a further complaint that the court sentenced the defendant without observing the statutory requirement of informing the

defendant of the verdict and asking him whether he had any legal cause to show why judgment should not be pronounced against him. The record of the judgment from which the defendant appeals and by which we are governed recites that the court informed the defendant that he had been tried by a jury and found guilty, and then proceeds:

"The court then inquired of said defendant if he had any legal cause to show why judgment of sentence should not be pronounced against him and said defendant failed to show any such cause, and none appearing, the court proceeded to pronounce judgment of sentence against said defendant."

This record must be taken as it reads and shows conclusively that there is no ground for this complaint.

Finding no error in the record the judgment of the trial court is affirmed.