No. 28,721.

THE STATE OF KANSAS, *Appellee*, v. JOSIE DUNKERTON, *Appellant*.

(278 Pac. 57.)

Opinion filed June 8, 1929.

*Dallas W. Knapp* and *Charles D. Ise,* both of Coffeyville, for the appellant.

*Warren B. Grant,* county attorney, *Richard L. Becker,* assistant county attorney, and *C. W. Mitchell,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant appeals from a conviction of violating the prohibitory liquor law.

There was evidence showing substantially that she was conducting a hotel or rooming house in Coffeyville known as the Metropolitan hotel. Detectives or under-cover men, whose services were obtained by the authorities of Montgomery county, procured the evidence and testified against her. The evidence, which need not be detailed, was sufficient to sustain the verdict and judgment.

Complaint is made of the introduction of evidence showing a raid on defendant's premises more than a year previous to the offenses for which she was prosecuted in the instant case. It has been held that evidence of similar acts and offenses may be introduced to show the intentions, inclinations and tendencies of the defendant. (*State v. King,* 111 Kan. 140, 206 Pac. 883; *State v. Bisagno,* 121

Kan. 186, 246 Pac. 1001, and cases cited.) For example, evidence showing a person previously to have been in the possession of intoxicating liquor or to have been in charge of a place where intoxicating liquors are kept and stored, or a place where persons were permitted to resort for the purpose of drinking intoxicating liquors at other times than that charged in the information, tends to establish the inclinations and intentions of the accused. Therefore we are of the opinion the evidence was not only competent but was highly probative as bearing upon the guilt of the defendant of the present charges against her. She admitted that she is the Josie Dunkerton referred to in the cases of *Fort Scott v. Dunkerton,* 78 Kan. 189, 96 Pac. 50, and *State v. Dunkerton,* 103 Kan. 748, 175 Pac. 981; also, prosecutions for violation of the prohibitory-liquor law. See, also, *State v. Smith,* 113 Kan. 737, 216 Pac. 302; *State v. Turner,* 114 Kan. 721, 220 Pac. 254; *State v. Hendren,* 127 Kan. 497, 274 Pac. 274.

Complaint of error in permitting a witness to testify in rebuttal as to the transaction which occurred at defendant's place above referred to cannot be sustained. It is claimed by the state, and we think fairly so, that the evidence was actually in rebuttal of testimony elicited from defendant in her own direct examination.

Complaint is made of the action of the court in permitting a witness to testify that in his judgment the defendant was worth $100,000. It appears that the defendant gave the witness (a federal prohibition officer) a financial statement in which an estimate of her worth was made, showing that it would run over $100,000, and in which conversation she stated that she was selling alcohol and whisky in order to raise money to pay the expenses of her son's schooling. The testimony touching the defendant's financial worth was likely immaterial, but it cannot be said to have affected the defendant's substantial rights.

A complaint that the court committed error in limiting defendant's attorneys to forty-five minutes in which to argue the case to the jury cannot be sustained. The time allowed for oral argument is a matter ordinarily within the sound discretion of the trial court, and error can be based thereon only by a showing of the abuse of such discretion.

Complaint is made of the manner in which the clerk of the court selected the jurors. The names of women were placed on slips in one pile and the names of men in another. First the name of a

woman and then of a man would be called, resulting in an equal number of men and women being called into the jury box. While such a method was irregular and perhaps should not be followed, no prejudice to the rights of the defendant was shown to have resulted therefrom.

The judgment is affirmed.