(613 P.2d 957)
No. 50,767

HATTIE LEMONS, Administrator of the Estate of W. H. Lemons, Deceased, *Appellant,* v. ST. JOHN'S HOSPITAL OF SALINA, KANSAS; JAMES E. RODERICK and REX S. ROMEISER, *Appellees.*

Opinion filed July 11, 1980.

*Gene E. Schroer,* of Jones, Schroer, Rice, Bryan & Lykins, Chartered, of Topeka, for appellant.

*Clarence King,* of King, Stokes, Knudson & Nitz, Chartered, of Salina, for appellee St. John's Hospital.

*Charles D. Green,* of Arthur, Green, Arthur & Conderman, of Manhattan, for appellees James E. Roderick and Rex S. Romeiser.

Before FOTH, C.J., ABBOTT and SPENCER, JJ.

ABBOTT, J.: Plaintiff appeals from a judgment for the defendants in a medical malpractice case based on jury findings that the defendants, St. John's Hospital of Salina, Kansas, James E. Roderick and Rex S. Romeiser were not negligent.

Plaintiff raises five issues on appeal. The first four issues involve alleged abuse of discretion in rulings by the trial court. Plaintiff complains that the rulings were erroneously made on the premise that a good faith controversy existed between the defendant doctors and the defendant hospital.

One who claims abuse of discretion has the burden of proving that contention. *McColm v. Stegman,* 3 Kan. App. 2d 416, 596 P.2d 167 (1979). In order to hold that the trial court abused its discretion, an appellate court must determine that no reasonable person could take the view adopted by the trial court. *In re Pennington,* 224 Kan. 573, 577, 581 P.2d 812 (1978), *cert. denied* 440 U.S. 929 (1979). If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. *Stayton v. Stayton,* 211 Kan. 560, 562, 506 P.2d 1172 (1973).

We now consider plaintiff's allegations of abuse of discretion.

## I. PEREMPTORY CHALLENGES

The trial court allowed three peremptory challenges to plaintiff, three to defendant hospital, and three jointly to defendant doctors, Roderick and Romeiser. K.S.A. 60-247(c) provides in pertinent part:

"In civil cases, each party shall be entitled to three (3) peremptory challenges, except as provided in subsection (h) of section 60-248, as amended, pertaining to

alternate jurors. Multiple defendants or multiple plaintiffs shall be considered as a single party for purpose of making challenges except that if the judge finds there is a good faith controversy existing between multiple plaintiffs or multiple defendants, the court in its discretion and in the interest of justice, may allow any of the parties, single or multiple, additional peremptory challenges and permit them to be exercised separately or jointly."

We view plaintiff's argument as a two-part argument. First, it is argued that before a trial court may allow additional peremptory challenges to any party or parties, the trial judge *must* make a specific finding on the record that a good faith controversy exists among multiple plaintiffs or among multiple defendants. Obviously, better practice dictates that such a finding be made on the record. Here, the trial judge heard argument of counsel on the subject; he was familiar with K.S.A. 60-247(c). He first ruled that the defendants were united in interest and were limited to a total of three peremptory challenges. He subsequently allowed a total of six peremptory challenges to the three defendants. Implicit in that allowance was a finding that a good faith controversy existed between defendant doctors and defendant hospital. The fact that the trial judge failed to make an explicit finding on the record, particularly in the absence of an objection, does not amount to reversible error. *Lehar v. Rogers,* 208 Kan. 831, 837-38, 494 P.2d 1124 (1972).

Second, plaintiff argues that not one of the defendants pled, contended, or argued that another defendant was at fault. Instead, all defendants took the position that none of them was at fault; that if anyone was at fault, it was the plaintiff or her deceased husband. As we view it, however, K.S.A. 60-247(c) requires the trial court to rule on the request for additional peremptory challenges based on the record before it at the time of ruling. Here, plaintiff alleged various acts of negligence against the defendant doctors and defendant hospital that would have amounted to good faith controversy if the allegations had been made by any of the defendants. Although comparative negligence standing alone would not be sufficient in all cases to constitute a good faith controversy among multiple defendants, the trial judge knew that under comparative negligence the jury by necessity would have to compare the negligence of the parties and fix the percentage of fault based on plaintiff's allegations. The potential was present for the doctors to try to shift the allegation of improper diagnosis to the hospital for its failure to provide the doctors with accurate

charts from which to work, and for its failure to promptly notify them of significant physical complaints; and the hospital might have sought to relieve its alleged negligence by asserting that its employees were merely following the doctors' orders and the orders themselves were negligently given. Keeping in mind that the decision of granting additional peremptory challenges is by statute a discretionary one, and the trial judge must necessarily make such determination at the outset of the trial when he is attempting to *anticipate* whether such a controversy might arise at trial, we are unable to say here that no reasonable person could have taken the view adopted by the trial court. *Stayton v. Stayton,* 211 Kan. at 562. Although distinguishable from the factual situation before us, a similar result was reached in *Massoni v. State Highway Commission,* 214 Kan. 844, 852-53, 522 P.2d 973 (1974); *Lehar v. Rogers,* 208 Kan. 831; *Healer v. Inkman,* 94 Kan. 594, 146 Pac. 1172 (1915).

## II, III.   EXAMINATION OF WITNESSES

Plaintiff next argues that the trial court abused its discretion in allowing the hospital's attorney to cross-examine two witnesses for the doctors and in denying plaintiff's request to conduct re-cross-examination of the same two witnesses.

As to the cross-examination, plaintiff does not identify any particular objection or assert any specific prejudice, but merely argues that it was error for one codefendant to cross-examine another codefendant when the two were allegedly "united in interest." Contrary to plaintiff's contention, the general rule allows such cross-examination:

"Most of the decisions considering the question support the view that under the applicable statutes a defendant's cross-examination of his codefendant in a personal injury or death action should be permitted, at least in so far as such cross-examination pertains to matters brought out on the direct examination." Annot., 43 A.L.R.2d 1000; 81 Am. Jur. 2d, Witnesses § 470, p. 477.

The discretion of the trial court in allowing or disallowing leading questions to be propounded to a witness will not be disturbed on appeal unless such discretion is manifestly abused. *Gannon v. Stevens,* 13 Kan. 447, 457-58 (1874). In any event, plaintiff demonstrates no prejudice.

We are also of the opinion that it was not prejudicial error for the trial court to refuse to permit plaintiff's counsel to further cross-examine the two witnesses after the hospital's attorney

finished his cross-examination. The problem arose when plaintiff's counsel voluntarily cross-examined the two witnesses out of turn prior to their cross-examination by counsel for the hospital. As a result, plaintiff's counsel requested permission to cross-examine the doctors a second time after counsel for the hospital finished his cross-examination. It appears that the trial judge inquired of plaintiff's counsel about what questions he intended to ask, then ruled that the area plaintiff wanted to inquire into already had been exhaustively explored and that further questioning would add nothing to the trial. Based on the record before us, we cannot say the trial judge abused his discretion. This is particularly so when the record fails to disclose a proffer of what counsel expected to show with his questions. *Querry v. Montgomery Ward & Co., Inc.,* 217 Kan. 104, 112, 535 P.2d 928 (1975); K.S.A. 60-405.

## IV. TIME ALLOTTED FOR CLOSING ARGUMENT

Plaintiff contends that prejudicial error was committed at the close of the trial when the court allowed plaintiff only forty minutes to make his closing arguments while the two defense attorneys received thirty minutes each for a total of sixty minutes.

In *State v. Dunkerton,* 128 Kan. 374, Syl. ¶ 2, 278 Pac. 57 (1929), the Court held:

"The time allowed attorneys for argument of a case to the jury is ordinarily a matter resting in the sound discretion of the trial court, and error can be based thereon only by a showing of abuse of such discretion."

See also *Butts v. Davis,* 126 Ga. App. 311, 190 S.E.2d 595 (1972); *Henderson v. Jackson,* 526 S.W.2d 73 (Mo. App. 1975).

The general rule relating to the subject is set out in Annot., 3 A.L.R.3d 1341, 1345:

"The mere fact that a longer period of argument is allowed one party than the other does not of itself make out a case of abuse of discretion justifying a reversal of the decision. Similarly, unequal distribution of time in cases involving numerous parties on a side [has] been upheld as proper, the courts holding that in such cases the question of distribution of time is peculiarly a matter within the discretion of the trial court."

Here, plaintiff's complaint is not that he did not have sufficient time for his argument; rather, the argument is that the defendants were united in interest and should not have been allotted cumulatively more time than plaintiff. When multiple plaintiffs or multiple defendants are involved, the distribution of time is

peculiarly a matter within the discretion of the trial court. Considering the instructions given to the jury and the posture of the case when the ruling was made prior to oral argument, we cannot say the trial court abused its discretion or that plaintiff has demonstrated prejudice as a result of the unequal time distribution.

## V. REFUSAL TO ADMONISH JURY

At the close of defendants' evidence, plaintiff introduced as a rebuttal witness an orderly from the defendant hospital. In surrebuttal, counsel for the defendant hospital attempted to question the investigator who had interviewed the orderly before trial. The investigator's name, address and occupation, his prior occupation as an FBI agent, and the fact that he had interviewed the orderly at counsel's request were established. The investigator was then asked if he had heard the orderly testify. Plaintiff's counsel immediately objected that the witness had remained in the courtroom in violation of the court's order excluding witnesses from the courtroom, and the trial judge refused to allow the investigator to testify. Plaintiff's counsel requested an admonishment to the jury on the theory that the implication would be left with the jury that the orderly must have told the investigator something inconsistent with what he had testified to. It was not suggested to the trial court what the admonishment should state. It would be mere conjecture on our part to assume the jury took into consideration anything other than testimony presented to it. We cannot surmise that the jury considered what transpired as an impeachment of the witness.

In summary, we hold that the trial judge did not abuse his discretion and that prejudicial error has not been shown. If in fact any error occurred, it is of a technical nature. This Court must disregard technical errors and irregularities in the proceedings of the trial court, and we may not reverse a judgment unless the error prejudices the substantial rights of a party. *Brady v. Brady,* 225 Kan. 485, Syl. ¶ 6, 592 P.2d 865 (1979); *Kansas Savings & Loan Ass'n v. Rich Eckel Construction Co., Inc.,* 223 Kan. 493, 501-02, 576 P.2d 212 (1978).

We have considered plaintiff's motion made pursuant to Supreme Court Rule 7.07(c) (225 Kan. xlviii) to assess 82 percent of the costs of the trial transcript to defendants. This court expects counsel to stipulate to an abbreviated record when that can

reasonably be done. We have examined the record, including the offers leading up to the proposed stipulation, and cannot say that the defendants unreasonably refused to stipulate to the written request for an abbreviated transcript.

Affirmed.