(960 P.2d 763)

No. 74,58█

MARLA FLOYD and GARY FLOYD, *Appellants*, v. GENERAL MOTORS CORPORATION, GOFF MOTORS, INC., and CHRISTOPHER PONTIAC, INC., *Appellees*.

Opinion filed January 23, 1998.

*Frank C. McMaster*, of McMaster & McMaster, of Wichita, and Regan and McGannon, of Wichita, for appellants.

*Larry A. Withers* and *Jeffrey R. Emerson*, of Kahrs, Nelson, Fanning, Hite & Kellogg L.L.P., of Wichita, for appellees.

Before GREEN P.J., ROYSE, J., and WAHL, S.J.

ROYSE, J.: This is a products liability case. Marla Floyd and Gary Floyd sued General Motors Corporation, Goff Motors, Inc., and Christopher Pontiac, Inc., for injuries Marla Floyd sustained in a one-car accident while driving their new 1988 Grand Prix. The

Floyds claimed the accident resulted from a defect in the car's steering mechanism. Following a lengthy trial, the jury returned a defense verdict. The Floyds appeal, claiming the district court erred in numerous evidentiary rulings, in denying their motion to add a claim for punitive damages, and in limiting closing arguments to one hour.

The Floyds bought their new Grand Prix on July 30, 1988. The accident occurred on August 4, 1988, while Marla Floyd was driving on a paved country road at approximately 55 m.p.h. The car went off the left side of the road into a ditch and rolled. Marla Floyd suffered injuries in the accident which left her paralyzed.

On appeal, the Floyds raise six claims of error in connection with the district court's evidentiary rulings. The applicable standard of review is contained in *Enlow v. Sears, Roebuck & Co.*, 249 Kan. 732, Syl. ¶ 9, 822 P.2d 617 (1991): "Rulings on admissibility of evidence fall within the sound discretion of the trial court. Thus, one attacking evidentiary rulings must show abuse of discretion. An abuse of discretion exists only when no reasonable person would take the view adopted by the trial court."

The Floyds' first claim of error is that the district court improperly admitted evidence that Marla Floyd was not wearing a seat belt at the time of the accident. The Floyds point to K.S.A. 8-2504(c), which provides that evidence of nonuse of a safety belt is inadmissible "in any action for the purpose of determining any aspect of comparative negligence or mitigation of damages." The Floyds assert that the only reason the defendants presented evidence that Marla did not use a seat belt was to suggest that she was at fault in the accident.

The Floyds' argument is not persuasive. The record makes clear that the defendants presented evidence of Marla Floyd's failure to use a seat belt, not to show comparative fault, but to show that the steering mechanism did not cause the accident. The defendants sought to show that Marla Floyd struck the steering wheel as the car rolled, deforming the steering wheel and causing the steering column to break loose. This ultimately caused various steering components to become deformed and the intermediate steering shaft slip joint to separate. Thus, the defendants attempted to prove

that the steering mechanism came apart as a result of the accident, contrary to plaintiffs' claim that the steering mechanism separation caused the accident.

The analysis used by the 10th Circuit in *Gardner by and through Gardner v. Chrysler Corp.*, 89 F.3d 729 (10th Cir. 1996), is instructive. *Gardner* was also a products liability case. Gardner, a minivan passenger, sued the manufacturer alleging she sustained injuries in a rear-end collision because of the defective design of the seat back. The trial court permitted Chrysler to offer evidence that Gardner had not been wearing her seat belt to show that it was the force of plaintiff's unrestrained body which caused the seat back to fail and that the overall design of the seat assembly (including the seat belt) was not defective. 89 F.3d at 733-34.

The 10th Circuit affirmed the trial court's ruling. The appellate court concluded that the plain language of 8-2504(c) bars admission of seat belt evidence in any action where the purpose of its introduction is to establish comparative negligence or to mitigate damages. However, the statute does not apply where the evidence is introduced for another purpose. "That the legislature specifically stated those two instances in which evidence is inadmissible permits the inference other uses are permissible." 89 F.3d at 736.

As in *Gardner*, the evidence concerning Marla Floyd's failure to wear a seat belt falls outside the prohibition of 8-2504(c). The defendants introduced the evidence to disprove the existence of a defective steering mechanism and not in connection with comparative fault or mitigation of damages. The district court did not err in allowing the evidence.

The Floyds' second argument is that the district court erred by excluding evidence of a recall of certain 1992 General Motors vehicles. This argument relates particularly to a General Motors Technical Service Bulletin dated September 18, 1991, which concerned a recall of 1992 Cadillac El Dorados and Sevilles, Oldsmobile Toronados, and Buick Rivieras. The bulletin indicated that the lower bolt of the intermediate shaft might be missing in the steering mechanism of some of the 1992 models. The district court excluded plaintiffs' recall evidence on the grounds that it referred

to different model cars made at different times and places than the car involved in this lawsuit.

The Floyds argue that the district court should have admitted evidence regarding the recall because the circumstances surrounding the recall are substantially similar to the circumstances surrounding their claim. They point to testimony by one of their experts that there is a commonality of design with respect to design of some steering components. They further contend they should have been allowed to use the recall evidence to impeach one of the defense experts.

The district court did not abuse its discretion in excluding plaintiffs' recall evidence. The vague reference by plaintiffs' expert to commonality of design would appear to apply to any car with steering. In fact, the expert admitted he did not even know whether the steering components of the 1988 Grand Prix were interchangeable with GM cars of other series. In addition, the defense expert limited his testimony regarding roll out tests to the Floyd vehicle and other "W" series cars produced at the Fairfax plant. A reasonable person could adopt the district court's view that plaintiffs had failed to establish substantial similarity between the recalled vehicles and the subject vehicle.

The Floyds have listed in their brief a number of cases which involve the admission of recall evidence. The Floyds' brief does not discuss those cases. As those cases all involve some direct connection between the recall and the subject vehicle and defect at issue in those cases, they are distinguishable from the case at bar.

For all these reasons, the district court did not err in excluding the plaintiffs' recall evidence.

The Floyds' third argument on appeal is that the district court erred by excluding a 1989 service and repair manual. This argument is without merit. First, the 1989 service manual contains a "CAUTION" regarding the sequence to be used in assembling the steering components. The plaintiffs, however, never claimed that there was a sequence error which produced a defect in the Floyd car. Second, the service manual was intended to "prevent misassembly during the repair process." The Floyd vehicle was never repaired. Third, the district court excluded the service manual on

the basis of relevance, K.S.A. 60-451 and K.S.A. 60-3307. The Floyds on appeal, however, only mention 60-451 in passing, and ignore the prohibition contained in 60-3307 against admitting evidence regarding changes in instruction that occur after the product is manufactured. See *Enlow*, 249 Kan. 732, Syl. ¶ 12 (Supreme Court Rule requires appellant's brief to include arguments and authorities relied upon in support of claimed error); *Patton v. Hutchinson Wil-Rich Mfg. Co.*, 253 Kan. 741, 759, 861 P.2d 1299 (1993) (statute prohibits evidence of post-manufacture remedial measures).

The district court did not abuse its discretion in excluding the 1989 service and repair manual.

The Floyds' fourth argument on appeal is that the district court erred by excluding evidence of statements made by salesman Del Lee to Marla Floyd. Prior to trial, the defendants filed a motion in limine asking the court to exclude as irrelevant statements by Del Lee regarding the steering of the demonstrator vehicle which Marla Floyd drove at the dealership before purchasing the Floyd car. The defendants argued statements about the demonstrator were irrelevant to the condition of the vehicle actually purchased by the Floyds. The district court sustained the motion.

On appeal, the Floyds argue that Del Lee's statement was admissible as an exception to the hearsay rule under K.S.A. 60-460(a) and K.S.A. 60-460(i)(1). The Floyds' hearsay argument totally ignores the fact that the district court excluded the testimony on relevancy grounds. For this reason, the Floyds have failed to demonstrate that the district court erred in excluding the statements by Del Lee.

The Floyds' fifth argument on appeal is that the district court erred by refusing to compel Gary Thompson to testify as an expert. This argument arises out of a rather unusual circumstance. Farm Bureau had retained Thompson to investigate the accident. Thompson prepared a report and was deposed prior to trial regarding his opinions concerning the cause of Marla Floyd's accident.

Prior to trial, Thompson advised plaintiffs' counsel that he would not testify on their behalf. He refused to testify as an expert, be-

cause he was afraid that his conviction for tax evasion would be brought up during his testimony. The plaintiffs filed a motion asking the district court to compel Thompson to testify as an expert witness and to give the opinions he formed during his investigation. The district court denied the motion, and Thompson testified only as a fact witness regarding his participation in disassembling the Floyd vehicle after the accident.

On appeal, the Floyds argue they should have been allowed to cross-examine Thompson regarding his expert opinions under 60-460(a) or introduce his deposition and reports under K.S.A. 60-459(g)(2). The problem with this argument is that there is no evidence in the record of Thompson's qualifications. K.S.A. 60-456(b) provides in pertinent part that a witness testifying as an expert in the form of opinions is limited to such opinions as the trial court finds are "within the scope of the special knowledge, skill, experience or training possessed by the witness."

" 'An appellant has the burden to designate a record sufficient to establish the claimed error. Without an adequate record, an appellant's claim of alleged error fails.' " *McCubbin v. Walker*, 256 Kan. 276, 295, 886 P.2d 790 (1994). Because the Floyds have failed to provide a record demonstrating that Thompson was qualified to testify as an expert in this case, their claim that the district court should have compelled him to provide his expert opinions must fail.

The Floyds' final argument regarding evidentiary matters is that the district court erred by denying plaintiffs the opportunity to set an exhibit on jacks. The exhibit referred to was the front end of a 1988 Grand Prix with certain parts, irrelevant to the case, removed. Plaintiffs wanted the exhibit placed on jacks so that they could require the defendants' expert to demonstrate for the jury the removal of the coupling from the stub shaft. The defendants objected that placing the exhibit on jack stands was dangerous, and the district court denied the plaintiffs' request.

The control of demonstrative exhibits rests within the discretion of the trial court. 32A C.J.S., Evidence §§ 789-80. The Floyds have not demonstrated that the district court abused its discretion in denying their request to place a large, heavy exhibit on jack stands

so that someone could begin disassembling it. The Floyds' counsel had the opportunity to use the exhibit as it was for cross-examination purposes. The district court did not abuse its discretion.

The Floyds' seventh argument on appeal is that the district court erred by denying their motion to amend their petition to claim punitive damages. "A verdict for actual damages is a pre-requisite to the award of punitive damages." *Enlow*, 249 Kan. at 740 (citing *Stevens v. Jayhawk Realty Co.*, 236 Kan. 90, 91, 689 P.2d 786 [1984]; *Lantz v. City of Lawrence*, 232 Kan. 492, 499-500, 657 P.2d 539 [1983]). Because the Floyds failed to persuade the jury that they were entitled to recover actual damages, this argument is moot.

The Floyds' final argument on appeal is that the district court erred by limiting closing arguments to one hour for each side. "The time allowed to attorneys for argument of a case to the jury is ordinarily a matter resting in the sound discretion of the trial court, and error can be based thereon only by a showing of abuse of such discretion." *Lemons v. St. John's Hospital of Salina*, 5 Kan. App. 2d 161, Syl. ¶ 6, 613 P.2d 957, *rev. denied* 228 Kan. 807 (1980).

While the Floyds contend that this case is a complicated case, the record establishes that plaintiffs' counsel was able to summarize the pertinent facts, to present their theories of the case and the evidence in support of those theories, and to make their claim for damages in closing argument. The Floyds do not point to one statement they were unable to make to the jury in closing argument because of the court-imposed time limitation. The Floyds have failed to demonstrate that the district court abused its discretion by its order limiting closing arguments.

Affirmed.