(994 P.2d 645)

No. 80,877

STATE OF KANSAS, *Appellee,* v. ARMAND LITTLE, *Appellant.*

Opinion filed December 23, 1999.

*Steven R. Zinn* and *Joseph P. Leon*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Thomas R. Stanton*, assistant county attorney, *Julie McKenna*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before JUSTICE DAVIS, presiding, DAVID J. KING, District Judge, assigned, and PHILIP C. VIEUX, District Judge, assigned.

DAVIS, J.: This is a direct criminal appeal by Armand Little of his convictions for one count of aggravated kidnapping, two counts of kidnapping, and one count each of aggravated robbery, aggravated burglary against a residence, and criminal possession of a firearm. He contends that the following trial errors require reversal: (1) failure to instruct on criminal restraint as a lesser included offense of aggravated kidnapping and kidnapping; (2) insufficient evidence to support the charge of aggravated kidnapping and kidnapping; (3) failure of the trial court to give a requested instruction defining facilitation in connection with the aggravated kidnapping and kidnapping charges; and (4) allowing the jury to convict on a charge of aggravated robbery with added language contrary to language in the formal complaint charging the offense of aggravated robbery. We conclude that no reversible error occurred and affirm.

The charges arise in connection with an incident occurring in Salina on January 19, 1997. Four individuals, including the defendant, entered into a residence. Debra Edwards, one of the participants, testified regarding the incident.

Edwards testified that the defendant was at her house in Wichita along with Anthony Parker, Edwards' boyfriend. The defendant suggested that the three of them drive to Salina to see Sandra Thompson, the defendant's girlfriend, and also to collect on a drug debt owed to the defendant by Larry Burse. After picking up Thompson, they all drove to Burse's residence, which Burse shared with his wife, Patricia Veal, and their two children, J.C.V. and J.D.V. According to Edwards, the group discussed the fact that Burse would probably not allow the defendant or Parker into his house because of the drug debt. They decided that Edwards would go to the door and pretend to be a community corrections officer, as Burse was subject to community corrections supervision.

Patricia Veal testified that she and her two children were watching television when Edwards knocked on the door, identified herself as a community corrections officer, and asked for Burse. Veal informed Edwards that Burse was not at home. Edwards then asked to use the telephone on the pretext of calling the community corrections office. Veal let Edwards in and told her where the telephone was located. Veal returned to the living room and two men dressed in dark clothing and wearing knit stocking masks came into the house. One of them was carrying a gun. The men yelled for the children to get into the bathroom, and Veal heard the door shut. One of the men put his arm around Veal's neck and pushed her into the bedroom. The other man began ransacking the bedroom and asked her where the money and jewelry were kept. They then pushed her back on the bed and duct-taped her hands, feet, and eyelids. At some point, one of the men struck her in the head with the gun, causing two wounds which required sutures. Veal told the men there was money in the pocket of a red jacket in the closet. The men then moved her to the floor, and the duct tape came off her eyelids. The men then wrapped a t-shirt nightgown around her head.

At one point, one of the men went into the bathroom and told the children not to look at him. He duct-taped the children's hands behind their backs. He then ordered the children into the bathtub and closed the shower behind them. The men left the residence taking approximately $3000 in cash, jewelry, a video camera, and a small safe.

After the men left, Veal was able to free herself and the children from the duct tape and called her husband at work to tell him what happened. She also called the police. The defendant and the other participants were soon apprehended, and the stolen items were recovered.

At an instructions conference during the course of the trial, the defendant asked the trial court to give an instruction defining the term "facilitation" for the purpose of the aggravated kidnapping and kidnapping charges. The court refused to do so. The defendant also asked the trial court to instruct the jury on criminal restraint as a lesser included offense of aggravated kidnapping and kidnap-

ping. The court denied the request, stating that criminal restraint was not a lesser included offense of kidnapping.

During deliberations, the jury asked the court whether the instruction on aggravated robbery, which stated as one of the elements that the defendant intentionally took property from the "person of Patricia Veal, J.C.V. and J.D.V." required that the property be taken directly from the children. The trial court informed the parties that the instruction, which was taken from language in the State's complaint, was in error because it left out "or presence" and included the children. The court, without objection, modified the instruction, stating also that the complaint was being modified to conform to the evidence by inserting the phrase "or presence" and taking out the children's names.

## Trial Court's Refusal to Instruct On Criminal Restraint As a Lesser Included Offense of Aggravated Kidnapping and Kidnapping

K.S.A. 21-3107(3) requires the trial court to instruct the jury not only as to the crime charged but also as to all lesser included crimes of which the accused might be found guilty. *State v. Sanders*, 258 Kan. 409, 413, 904 P.2d 951 (1995). A criminal defendant has a right to an instruction on all lesser included offenses supported by the evidence at trial so long as (1) the evidence, when viewed in the light most favorable to the defendant's theory, would justify a jury verdict in accord with the defendant's theory; (2) the evidence at trial does not exclude a theory of guilt on the lesser offense. *State v. Moncla*, 262 Kan. 58, 73-74, 936 P.2d 727 (1997). An instruction on an included offense is not proper if from the evidence the jury could not reasonably convict the defendant of the lesser offense. *State v. Robinson*, 261 Kan. 865, Syl. ¶ 7, 934 P.2d 38 (1997).

K.S.A. 21-3107(2) provides that a lesser included offense may be:

"(a) A lesser degree of the same crime;
(b) an attempt to commit the crime charged;
(c) an attempt to commit a lesser degree of the crime charged; or
(d) a crime necessarily proved if the crime charged were proved."

Criminal restraint as defined by Kansas law is ordinarily a lesser included offense of aggravated kidnapping and kidnapping. *State v. Ponds and Garrett*, 218 Kan. 416, 420, 543 P.2d 967 (1975). See *State v. Lile*, 237 Kan. 210, 213, 699 P.2d 456 (1985); *State v. Carter*, 232 Kan 124, 126, 652 P.2d 694 (1982). Thus, the trial court's refusal to instruct on criminal restraint based on its determination that it was not a lesser included offense of kidnapping was in error. However, the question remains as to whether under the evidence the defendant could reasonably have been convicted of criminal restraint.

The defendant was charged with aggravated kidnapping and kidnapping. The aggravated kidnapping and two kidnapping charges were based on his action in confining Veal and her two children "with the intent to hold such person(s) or to facilitate flight or the commission of any crime." There is no question the defendant confined the victims in the course of committing robbery. However, both aggravated kidnapping and kidnapping require that the kidnapping "facilitate" the crime. See K.S.A. 21-3420; K.S.A. 21-3421.

In *State v. Buggs*, 219 Kan. 203, 216, 547 P.2d 720 (1976), the Kansas Supreme Court held that where a taking or confinement is alleged to have been done to facilitate the commission of another crime, the resulting movement or confinement:

"(a) Must not be slight, inconsequential or merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection."

The court also gave examples of the type of conduct which would constitute kidnapping:

"A standstill robbery on the street is not a kidnapping; the forced removal of the victim to a dark alley for robbery is. The removal of a rape victim from room to room within a dwelling solely for the convenience and comfort of the rapist is not a kidnapping; the removal from a public place to a place of seclusion is. The forced direction of a store clerk to cross the store to open a cash register is not a kidnapping; locking him in a cooler to facilitate escape is." 219 Kan. at 216.

In this case, the defendant moved Veal and the children to different rooms and bound them with duct tape. This conduct clearly goes beyond that which is merely incidental to or inherent in the crime of robbery. Had the defendant merely ordered the Veals to separate rooms and told them to stay there, there might have been some question that an instruction on criminal restraint would have been required. However, under the circumstances in this case, the binding of the victim was clearly done in order to facilitate the crime of robbery, and the defendant could not have been reasonably convicted of criminal restraint. Thus, the trial court had no duty to instruct on the lesser included offense of criminal restraint.

The defendant argues that in determining whether kidnapping occurred, some consideration should be given to the fact that he did not do a very good job of binding the hands of the victim in that Veal was able to quickly escape from her bonds. In support of this argument, the defendant relies on *State v. Crane,* 260 Kan. 208, 233-34, 918 P.2d 1256 (1996). In *Crane,* the assailant moved the victim throughout a video store while sexually assaulting her. He was convicted of kidnapping to facilitate the crime because he was attempting to move her into the back room. The court, however, found insufficient evidence of kidnapping, noting that the only evidence that the assailant was attempting to move the victim to the back room was an assumption by the victim. In any event, the assailant did not succeed. 260 Kan. at 233-34.

*Crane* provides little if any support for the defendant in this case. Here, the defendant did actually succeed in restraining the victims. While he may have been somewhat inept, there certainly was no question as to the defendant's intent. We conclude, based on the circumstances of this case, that the trial court was under no obligation to instruct the jury on the lesser included offense of criminal restraint.

## Sufficiency of Evidence Regarding Aggravated Kidnapping and Kidnapping

The defendant contends the evidence was insufficient to convict him of aggravating kidnapping and kidnapping. His argument is based solely on the contention that under *State v. Buggs,* the con-

finement of the victim was inconsequential to or inherent in the nature of the crime of robbery. The argument the defendant makes has already been discussed above and is found wanting.

The evidence in this case demonstrated that during the course of the robbery, the defendant forced Veal and her children into separate rooms, bound them, and left them there. Under these circumstances, a rational factfinder could have concluded beyond a reasonable doubt that the defendant committed both kidnapping and aggravated kidnapping.

## Refusal to Give the Requested Instruction Defining Facilitation of a Crime

During the instructions conference, the defendant requested the court to instruct the jury using language from *State v. Fisher*, 257 Kan. 65, 891 P.2d 1065 (1995):

"If a taking or confining of any person is alleged to have been done to facilitate the commission of another crime, to be kidnapping under K.S.A. 21-3420 the resulting taking or confinement:
(a) must not be slight, inconsequential, and merely incidental to the other crime;
(b) must not be of a kind inherent in the nature of the other crime; and
(c) must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection." Syl. ¶ 5.

"The word 'facilitate' in K.S.A. 21-3420 means something more than just to make it more convenient. A taking or confining of any person, in order to be said to facilitate a crime, must have some significant bearing on making the commission of the crime easier or lessening the risk of detection." Syl. ¶ 4.

The trial court refused to give the above instructions, concluding that quoted language from the above cases sets forth a standard of review for an appellate court in determining whether the crime of kidnapping or aggravated kidnapping had occurred. The trial court has discretion in giving instructions to the jury. *State v. Johnson*, 255 Kan. 252, 256, 874 P.2d 623 (1994). On appeal, the instructions of a trial court should be approved if, after being considered in their entirety, the instructions properly and fairly state the law as applied to the facts. 255 Kan. at 256. Applying this standard, we must conclude that the instructions in their entirety in this case properly and fairly state the law as applied to the facts.

The defendant argues that the word "facilitate" as used in the aggravated kidnapping and kidnapping instructions is vague and confusing for the jury and requires further definition. PIK Crim. 3d does not include a definition for the term "facilitate." In support of his contention that a definition is required, the defendant cites a number of cases where appellate courts have found insufficient evidence that the restraint or movement in question facilitated the crime and could constitute kidnapping: *Messer v. Roberts*, 74 F.3d 1009, 1014 (10th Cir. 1996) (applying Kansas law); *State v. Fisher*, 257 Kan. at 74; *State v. Hays*, 256 Kan. 48, 62, 883 P.2d 1093 (1994); *State v. Ransom*, 239 Kan. 594, 602-03, 722 P.2d 540 (1986); *State v. Moffitt*, 199 Kan. 514, 525-26, 431 P.2d 879 (1967).

The defendant's point is well taken. Here, the defendant requested an instruction consistent with Kansas law which would have aided the jury in its determination of whether the crime of kidnapping or aggravated kidnapping had occurred. However, there are no appellate decisions in Kansas which have required that such a definition be given, and the Pattern Instructions for Kansas do not provide an instruction for the definition of "facilitate." Such an instruction would be advisable in any situation where the question of whether the restraint or movement facilitated the crime is at issue. However, we conclude that while it would have been entirely appropriate for the trial court to give the jury the instruction requested by the defendant, the absence of such an instruction under the specific facts of this case does not require reversal. In this case, the conduct of the defendant clearly went beyond that which was incidental to or inherent in the crime. The overwhelming evidence of guilt and the fact that the instructions given accurately state the law require us to affirm.

## Allowing the Jury to Convict the Defendant of Aggravated Robbery Where the Instruction and the Formal Complaint Contained Different Language

The defendant's final argument is that the trial court erred in allowing the jury to convict him of aggravated robbery. He contends that there was not sufficient evidence to convict him of taking

property from the "person of Veal, J.C.V. [and] J.D.V." as charged in the complaint.

Although the defendant couches this argument as one regarding the sufficiency of the evidence, it is not. Rather, the defendant is actually complaining that the court erroneously amended the complaint to conform to the evidence during the jury's deliberation in response to the jury's question.

The defendant was charged by amended complaint with taking property from the persons of Veal, J.C.V., and J.D.V. The trial court, in instructing the jury on aggravated robbery, used an instruction which followed the language of the amended complaint rather than the language in PIK Crim. 3d. During deliberations, the jury asked the court whether the instruction on aggravated robbery required that the property be taken directly from the children. The trial court, realizing its mistake, informed the parties that the instruction, taken from the State's complaint, was in error because it left out "or presence" and included the children's names. The court, without objection, modified the instruction, stating also that the complaint was being modified to conform to the evidence by inserting the phrase "or presence" and taking out the children's names.

K.S.A. 22-3201(e) allows a court to permit a complaint or information to be amended at any time before a verdict or finding if no additional or different crime is charged and if the substantial rights of the defendant are not prejudiced. Because the defendant did not object to the amendment by the court, he may not now complain of the effect of the amendment on appeal. See *State v. Gardner*, 264 Kan. 95, 106, 955 P.2d 1199 (1998) (holding that an issue not presented to the trial court will not be considered on appeal). Further, the defendant's failure to object and specify how the amendment would prejudice him prevents this court from finding that the trial court erred in allowing the amendment.

Affirmed.