(8 P.3d 51)

No. 82,608

STATE OF KANSAS, *Appellee,* v. MACK J. ROBINSON, *Appellant.*

—

Opinion filed July 14, 2000.

*Patrick H. Dunn*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Linda E. Monroe*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before MARQUARDT, P.J., BEIER, J., and JOHN W. WHITE, District Judge, assigned.

BEIER, J.:    This is a direct appeal of defendant-appellant Mack Robinson's conviction for aggravated robbery. Because we find the evidence insufficient to convict Robinson under the instructions given by the trial court, we reverse.

The testimony at trial established the following facts relevant to our decision: Robinson was a passenger in a car driven by his friend, Debra Green. When Green saw Timothy Jones driving in his car, she shouted to him or at him, and Jones stopped his car to speak with her. Green parked behind Jones' car, and she and Jones got out of their cars and began talking outside of Jones' car. After they had been talking a short while, Robinson stepped out of Green's car, holding a sawed-off shotgun. Robinson pointed it at Jones and said he was going to take Jones' car. Robinson got into Jones' car and drove away. Green also left in her car at that time.

Jones began walking toward his home. On the way, he saw his car, parked and with Green inside it. As Jones approached his car to talk to Green, Robinson again stepped out the car and, holding the shotgun, chased Jones away.

Jones eventually flagged down a police officer and reported the incident. Robinson was apprehended a few days later, when Jones saw him in the car again and summoned police. Robinson was charged with one count of aggravated robbery.

The district court's instructions to the jury included the following description of the elements of aggravated robbery:

"To establish this charge, each of the following claims must be proved:
"1. That the defendant intentionally took property, to-wit, a car, *from the person* of Timothy Jones;
"2. That the taking was by threat of bodily harm to the person of Timothy Jones;
"3. That the defendant was armed with a dangerous weapon, to-wit: a gun; and,

"4. That this act occurred on or about the 31st day of January, 1998, in Wyandotte County, Kansas." (Emphasis added.)

When the sufficiency of the evidence is challenged in a criminal case, our standard of review requires us to determine whether, after review of all of the evidence, viewed in the light most favorable to the prosecution, we are convinced a rational factfinder could have found defendant guilty beyond a reasonable doubt. *State v. Johnson*, 266 Kan. 322, 326, 970 P.2d 990 (1998).

"Aggravated robbery is a robbery . . . committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery." K.S.A. 21-3427. "Robbery is the taking of property *from the person or presence of another* by force or by threat of bodily harm to any person." (Emphasis added.) K.S.A. 21-3426.

The elements instruction in this case was apparently modeled on the language of the information. Neither the instruction nor the information allowed for the possibility that the State would prove Robinson took the car from the "presence" of Jones, rather than from his "person." The State contends the difference between "presence" and "person" in the governing statute is inconsequential. We do not agree.

Since the dawn of statehood, Kansas legislators have consistently chosen to include both "person" and "presence" in the robbery statute, and we are not permitted to disregard this fact or its significance. The rule of strict construction means ordinary words are to be given ordinary meanings. A statute should not be read to add that which is not readily found therein or be read to take out what, as a matter of ordinary English language, is in it. See *In re Tax Appeal of Alex R. Masson, Inc.*, 21 Kan. App. 2d 863, 868, 909 P.2d 673 (1995) (quoting *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 455, 691 P.2d 1303 [1984]).

In addition, although cases interpreting the various legislative formulations of our robbery statutes through the years have stopped short of specifically defining "person," they have clearly recognized that it is distinct from "presence."

For example, in 1923, the Kansas Supreme Court examined language that had been included in the robbery statute since enact-

ment of the General Statutes of 1868, Chapter 31, Section 73:

" 'Every person who shall be convicted of feloniously taking the property of another from his *person* or in his *presence*, and against his will, by violence to his person or by putting him in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree.' " (Emphasis added.) *State v. Smith*, 113 Kan. 737, 738, 216 Pac. 302 (1923).

*Smith* held that it was not necessary for the State to show the taking of property directly from the victim's person; it was enough to show that property was taken in her presence. 113 Kan. at 738. Under Kansas law, the Supreme Court said, it is robbery if the property is taken *either* from the person *or* in the presence of the party. 113 Kan. at 739.

The enactment of the new Kansas Criminal Code in 1969 brought a slight but, in our view, insignificant change to the "person/presence" wording of the robbery statute, effective July 1, 1970. The new statute, K.S.A. 21-3426, required that the taking be *"from* the person or presence of another," rather than *"from* [the victim's] person or *in* [the victim's] presence." See L. 1969, ch. 180, § 21-3426; K.S.A. 21-527 (Corrick) (repealed 1969). We find nothing in the legislative history or subsequent cases to indicate that the change in the preposition for which "presence" is the object—switching "in" to "from"—was meant to effect any substantive change in the law. See, *e.g., State v. Glymph*, 222 Kan. 73, 74-75, 563 P.2d 422 (1977) (finding robbery from "presence" of victim when store manager was ordered into storage shed outside store before money taken; essence of robbery was the taking of property from another *or* from his presence). Thus, to the extent the 1969 reformulation of the robbery statute is instructive on the issue before us, it is most remarkable for its preservation of the dichotomy between "person" and "presence." That portion of the statute has not been further amended since. See L. 1992, ch. 298, § 16; L. 1993, ch. 291, § 40.

With this as background, our court implicitly recognized late last year that a jury instruction on the elements of robbery that includes "person" language alone is fundamentally different from one that includes both "person" and "presence" language. See *State v. Little*, 26 Kan. App. 2d 713, 721, 994 P.2d 645 (1999), *rev. denied*

269 Kan. 938 (2000). In *Little*, as here, the formal charge against the defendant omitted any language about a taking from the "presence" of the victim, and the initial elements instruction to the jury did the same. The evidence had established that the defendant and his accomplices entered a home and placed certain of the victims in another room or otherwise incapacitated or isolated them before completing the robbery. As a result, none of the stolen items were in direct contact with the body of any of the victims at the time they were taken. During deliberations, the alert jury asked the trial judge whether the instruction on aggravated robbery required that the property be taken directly from certain of the victims. As we completed our recitation of the facts leading to the appeal, we stated:

"The trial court, *realizing its mistake*, informed the parties that the instruction, taken from the State's complaint, was in error because it left out 'or presence' . . . . The court, without objection, modified the instruction, stating also that the complaint was being modified to conform to the evidence by inserting the phrase 'or presence.' . . ." (Emphasis added.) 26 Kan. App. 2d at 721.

In this case, it is apparent that neither the prosecutor nor the trial judge nor the jury noticed or realized the significance of the omission of "presence" language in the information and the instruction. Thus, no modification was made before the end of deliberations. This is unfortunate, because the testimony in this case was more than sufficient to support a conviction of Robinson for aggravated robbery from the "presence" of Jones. It was not, however, sufficient to support Robinson's conviction of aggravated robbery from the "person" of Jones, *i.e.*, from a position in contact with Jones' body. Jones was standing outside his car, talking with Green, at the time Robinson emerged from Green's car and announced with the support of the shotgun he was holding that he was taking Jones' car. Personal property can be taken from a victim's "presence" without being taken from his or her "person," but it cannot be taken from his or her "person" without being taken in his or her "presence." We agree.

We admit that the situation before us here may be a closer call on the "person/presence" distinction than that facing the *Little* panel. Robinson is not a defendant who purposely put physical

distance between his victim and the loot before completing the robbery. However, we are satisfied that the distance Jones had already put between himself and his car before he faced Robinson and the shotgun meant no reasonable juror could conclude the car was taken from his "person." The prosecution proved the car was taken from Jones' "presence," but it failed to ensure that the jury was properly instructed to obtain a conviction for it. Robinson's conviction for aggravated robbery from Jones' "person" cannot stand.

Reversed.